UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>Defendants. | Civil Action No. 3:18-cv-00988<br><br>CLASS ACTION<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern<br><br>JOINT DISCOVERY DISPUTE STATEMENT |

Pursuant to Section VII of the Case Management Order (ECF No. 66) and Local Rule 37.01(b), Plaintiffs[1] and Defendants[2] submit this Joint Discovery Dispute Statement ("Statement") regarding Plaintiffs' request to file a discovery motion to compel the production of certain documents. The parties certify that lead counsel for all parties conducted several telephonic meetings regarding the subjects of this Statement and made a good faith effort to resolve each discovery dispute presented in this Statement.

---

[1] "Plaintiffs" are Chicago & Vicinity Laborers' District Council Pension Fund and New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund.

[2] "Defendants" are Acadia Healthcare Company, Inc. ("Acadia" or the "Company"), Joey A. Jacobs ("Jacobs"), Brent Turner, and David Duckworth.

- 1 -

## I. PLAINTIFFS' STATEMENT OF THE DISPUTE

Plaintiffs request that they be allowed to file a motion to compel the production of: (i) documents concerning Acadia's destruction of ESI; and (ii) documents from the Priory Group.

### A. Documents Concerning Acadia's Destruction and Preservation of ESI

Plaintiffs' First Set of Requests for Production of Documents includes requests for documents concerning: (i) Defendants' document retention, preservation, and destruction policies and practices; (ii) litigation holds that have been instituted for Defendants Jacobs and Acadia; and (iii) the preservation, deletion, and/or collection of Jacobs' and/or Nigel Myers' files.[3] To date, Defendants have produced the Company's 30-day email deletion policy, the Company's litigation hold policy, and two illegible documents that purportedly show screenshots of IT tickets regarding litigation holds – but refuse to produce further documents related to these issues.

"[P]arties may investigate the adequacy of one another's preservation efforts through discovery" – and "[s]uch investigation is especially relevant where the adequacy of a party's preservation efforts is in question." *Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, 2020 U.S. Dist. LEXIS 56062, at *29 (M.D. Tenn. Mar. 31, 2020). The record here demonstrates multiple instances of document destruction and spoliation at Acadia. Collectively, these issues threaten to impede the fact-finding process, and Plaintiffs are entitled to robust discovery to determine when, how, and why such spoliation took place. ***First***, Defendants implemented a document deletion policy which mandated that emails be deleted 30 days after they were received. ***Second***, when litigation concerning the facts at issue in this case was first initiated, Defendants instituted inadequate litigation holds, covering just 10 individuals out of over 42,100 employees at the Company – with no holds at ***any*** of Acadia's facilities where much of the alleged

---

[3] On February 17, 2021, defense counsel informed Plaintiffs that the emails of Defendant Jacobs and Nigel Myers (the former CFO at Acadia's U.K. operations) had been "inadvertently deleted."

underlying misconduct took place.  **Third**, in January 2018 when Jacobs was named as a defendant in a separate litigation implicating his Acadia business email, Acadia's General Counsel deliberately chose ***not*** to pause the Company's auto-delete policy with respect to Jacobs.

The scope of the document destruction here has undoubtedly spoliated relevant documents. Plaintiffs are thus entitled "to determine if relevant evidence currently exists or previously existed and was lost or destroyed" due to Defendants' "deficient preservation and collection efforts." *Nacco Materials Handling Grp., Inc. v. Lilly Co.*, 278 F.R.D. 395, 404, 406 (W.D. Tenn. 2011).

### B. Documents from the Priory Group in the United Kingdom

A significant portion of this case – the portion which Defendants agree should be certified for class treatment (ECF No. 81 at 26) – involves earnings expectations for the Priory Group, the U.K.-based behavioral health company that Acadia acquired in 2016. *See* ECF No. 39, §V.B. Including the Priory Group as a source of relevant documents should be an uncontroversial proposition. However, Defendants maintain that they cannot obtain documents from the Priory Group because, in December 2020, Acadia sold the Priory Group to Waterland Private Equity, and no longer has possession, custody, or control of such documents. In other words, Defendants sold off a foreign business division directly at issue in this litigation without collecting any documents, and are now taking the position that they have no obligation to collect those documents. This is wholly improper, as the PSLRA specifically required Defendants to preserve all documents during the stay of discovery "as if they were the subject of a continuing request for production of documents." 15 U.S.C. §78u–4(b)(3)(C). There is no question Defendants were obligated to preserve relevant documents at the time the Priory Group was sold, yet they failed to do so. The Court should order Defendants to obtain responsive documents from the Priory Group. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 314 F.R.D. 341, 347 (S.D.N.Y. 2016).

## II. DEFENDANTS' STATEMENT OF THE DISPUTE

Plaintiffs should not be permitted to file a motion to compel because the two issues they raise lack any basis to compel production and, in any event, are not ripe for the Court to decide.

***"Discovery About Discovery."*** Contrary to Plaintiffs' suggestion, parties are not automatically permitted to discovery about their adversaries' document preservation, collection, and production process. That sort of "discovery about discovery" is disfavored and permitted only when the seeking party identifies a specific deficiency with the opposing party's production that justifies departure from the general rule. *See* The Sedona Principles, 19 Sedona Conf. J. at 118 (discovery about discovery is disfavored "unless a specific deficiency is shown"); *accord Grae v. Corr. Corp. of Am.*, No. 3:16-CV-02267, 2020 WL 6750806, at *7 (M.D. Tenn. Nov. 2, 2020). Here, Plaintiffs contend that such discovery is needed because Defendants "spoliated" evidence by (i) implementing a 30-day email retention policy, (ii) issuing "inadequate litigation holds," and (iii) failing to preserve email for two custodians. None of that justifies the discovery Plaintiffs seek.

*First*, the fact that Acadia implemented a 30-day email retention policy as a regular part of its business **years before** this action was filed in no way demonstrates spoliation. The Supreme Court has acknowledged as much, holding that it is entirely proper for a company to implement a document deletion policy when there is no obligation to preserve. *See Arthur Andersen LLP v. U.S.*, 544 U.S. 696, 704 (2005). Under this policy, emails during the relevant time period would have been permissibly deleted well before any obligation to preserve arose. *See CaretoLive v. FDA*, 631 F.3d 336, 346 (6th Cir. 2011). *Second*, as to the scope of litigation holds, Plaintiffs ignore that their claims are based on the named Defendants—all of whom were on those holds—allegedly issuing false or misleading statements. What matters here is what those Defendants knew at the time of the challenged statements. *See Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011). The mere fact that Acadia issued litigation holds to 10 individuals (covering the named Defendants

- 4 -

and other management) does not demonstrate a deficiency. That is especially true when Defendants have not yet even made substantive productions in this case and, thus, Plaintiffs do not know what, if any, relevant information they will be missing. *Finally*, as Defendants have explained to Plaintiffs in detail, the failure to preserve email for Jacobs and Myers was entirely inadvertent. Both custodians *were* timely placed on litigation holds, but their email was mistakenly deleted when they later left Acadia due to a technical issue within the IT department. Defendants not only provided Plaintiffs detailed oral and written explanations of this issue, but also produced documents to support what occurred, and provided a privilege log for the related privileged communications. This inadvertent deletion of ESI does not justify wide ranging discovery into Defendants' preservation efforts or privileged information. *See Charcalla v. Goodyear Tire*, 2017 WL 2720278, at *4 (W.D. Pa. June 23, 2017) (no spoliation where evidence is lost due to "accident, mistake, or ordinary practice").

*Priory Group*. Plaintiffs' request to compel Defendants to produce documents from a former subsidiary in the U.K. also suffers from numerous flaws. It ignores that the challenged U.K. statements were issued by Acadia in the U.S., and Acadia is not refusing to produce relevant information from U.S. sources. It also ignores that the time period of the U.K. statements runs from February 23, 2017 through October 24, 2017, yet this case was not filed until a year later. Pursuant to Acadia's retention policy, documents from the U.K. for the relevant time period are not likely to have existed by the time this action was filed. Finally, the request rests on Plaintiffs' contention that the PSLRA "required Defendants to preserve" documents while this case was stayed. But the PSLRA does not require Defendants to *collect* documents from a subsidiary during a stay, nor prevent Acadia from selling a subsidiary during that time period. Plaintiffs cite no case to the

- 5 -
Cases\4821-8996-4017.v1-7/16/21
Case 3:18-cv-00988   Document 86   Filed 07/16/21   Page 5 of 10 PageID #: 2309

contrary. And there is no reason for the Court to entertain such a motion. If Plaintiffs want information from Priory, they can follow the Hague Convention process that exists for doing so.

| | |
|---|---|
| DATED: July 16, 2021 | ROBBINS GELLER RUDMAN & DOWD LLP<br>JERRY E. MARTIN, #20193<br>CHRISTOPHER M. WOOD, #032977 |
| | s/ Christopher M. Wood<br>CHRISTOPHER M. WOOD |

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
jmartin@rgrdlaw.com
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DARREN J. ROBBINS
DARRYL J. ALVARADO
J. MARCO JANOSKI GRAY
TING H. LIU
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dalvarado@rgrdlaw.com
jgray@rgrdlaw.com
tliu@rgrdlaw.com

Lead Counsel for Plaintiffs

DOWD, BLOCH, BENNETT, CERVONE,
  AUERBACH & YOKICH
JUSTIN J. LANNOYE
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
Telephone: 312/372-1361
312/372-6599 (fax)

Counsel for Chicago & Vicinity Laborers'
District Council Pension Fund

|  |  |
|---|---|
|  | PITTA LLP<br>MICHAEL BAUMAN<br>120 Broadway, 28th Floor<br>New York, NY 10271<br>Telephone: 212/652-3890<br>212/652-3891 (fax)<br>mbauman@pittalaw.com<br><br>Counsel for New York Hotel Trades Council &<br>Hotel Association of New York City, Inc. Pension<br>Fund |
| DATED: July 16, 2021 | KING & SPALDING LLP<br>JESSICA P. CORLEY (admitted *pro hac vice*)<br>LISA R. BUGNI (admitted *pro hac vice*)<br>BRANDON R. KEEL (admitted *pro hac vice*)<br>RONNI D. SOLOMON (admitted *pro hac vice*)<br><br>        s/ Lisa R. Bugni<br>        LISA R. BUGNI<br><br>1180 Peachtree Street NE<br>Atlanta, GA 30309<br>Telephone: 404/572-4600<br>jpcorley@kslaw.com<br>lbugni@kslaw.com<br>bkeel@kslaw.com<br>rsolomon@kslaw.com<br><br>RILEY WARNOCK & JACOBSON, PLC<br>STEVEN A. RILEY (BRP #006258)<br>MILTON S. McGEE, III (BPR #024150<br>ELIZABETH O. GONSER (BRP #026329)<br>1906 West End Avenue<br>Nashville, TN 37203<br>Telephone: 615/320-3700<br>sriley@rwjplc.com<br>tmcgeeWrwjplc.com<br>egonser@rwjplc.COM<br><br>Counsel for Defendants |

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 16, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

E-mail:  cwood@rgrdlaw.com

# Mailing Information for a Case 3:18-cv-00988 St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **AMALGAMATED BANK, TRUSTEE**
  PKNASHLAW@AOL.COM

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **BOSTON RETIREMENT SYSTEM**
  PKNASHLAW@AOL.COM

- **Michael Bauman**
  mbauman@pittalaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Thomas H. Burt**
  burt@whafh.com

- **Regina M. Calcaterra**
  calcaterra@whafh.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick Donovan**
  donovan@whafh.com

- **Elizabeth O. Gonser**
  egonser@rwjplc.com,nnguyen@rwjplc.com

- **J. Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew M. Guiney**
  guiney@whafh.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Justin J. Lannoye**
  jlannoye@laboradvocates.com

- **Ting H. Liu**
  tliu@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,ealexander@barrettjohnston.com,adonovan@barrettjohnston.com,eseaborn@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rwjplc.com,dgibby@rwjplc.com

- **Thomas C. Michaud**
  tmichaud@vmtlaw.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **PLYMOUTH COUNTY RETIREMENT ASSOC**
  PKNASHLAW@AOL.COM

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **David C. Walton**
  davew@csgrr.com

Case 3:18-cv-00988   Document 86   Filed 07/16/21   Page 9 of 10 PageID #: 2313

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,mkuwashima@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`