UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | CIVIL ACTION NO. 3:18-cv-00988 |
| Plaintiff, | ) ) ) | Judge William L. Campbell, Jr. Magistrate Judge Alistair E. Newbern |
| vs. | ) ) | |
| ACADIA HEALTHCARE COMPANY, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR EVIDENTIARY HEARING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Defendants[1] respectfully request the Court to conduct a short evidentiary hearing so that Defendants' expert, Lucy Allen, may explain her opinions and the underlying evidence conclusively demonstrating that the misrepresentations Plaintiffs[2] allege about Acadia's operations in the United States during the time period of April 30, 2014 through November 15, 2018 did not impact Acadia's stock price. Defendants' opposition to Plaintiffs' motion for class certification is grounded on the evidence proving lack of price impact. *See* ECF 120.

As is clear from Defendants' opposition and Ms. Allen's expert report, price impact issues can be technical and complex. And they are critically important—in the last ten years, the Supreme

---

[1] "Defendants" refers to Acadia Healthcare Company, Inc. ("Acadia"), Joey Jacobs (Acadia's former CEO), Brent Turner (Acadia's former President), and David Duckworth (Acadia's CFO).

[2] "Plaintiffs" refers to New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Chicago & Vicinity Laborers' District Counsel Pension Fund.

Court three times has granted certiorari on the fraud-on-the-market doctrine and related price impact issue[3] and the Sixth Circuit accepted a Rule 23(f) interlocutory appeal on price impact.[4]

Given the importance and technical nature of the price impact-related analysis and expert evidence, courts routinely hold evidentiary hearings at which they evaluate the evidence and assess the credibility of the expert witnesses' opinions. The Sixth Circuit, in fact, has indicated that such evidentiary hearings may be necessary where, as here, the parties submit competing evidence on class certification issues. *See, e.g.*, *In re BancorpSouth, Inc.*, No. 16-0505, 2016 WL 5714755, at *1 (6th Cir. Sept. 6, 2016). For these reasons, Defendants believe that a short evidentiary hearing is the best avenue for the parties to assist the Court in conducting the rigorous analysis required for class certification. Defendants would offer Ms. Allen as their sole witness and make her available for questions from the parties and the Court to complete the record.

## **ARGUMENT**

Rule 23 "does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rather, "a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23" through "evidentiary proof." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart*, 564 U.S. at 351). "Ordinarily, this means that the class determination should be predicated on evidence presented by the parties concerning the maintainability of the class action." *Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.)*, 722 F.3d 838, 851, (6th Cir. 2013). "[I]t may be necessary

---

[3] *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011); *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014) ("*Halliburton II*"); *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951 (2021).

[4] *Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, (S.D. Ohio 2017); U.S. Court of Appeals for the Sixth Circuit, Case No. 17-3871. The appeal was fully briefed. However, before the Sixth Circuit panel ruled on the appeal, the parties settled the case.

for the court to probe behind the pleadings before coming to rest on the certification question," and "certification is proper only if the trial court is satisfied, after a rigorous analysis," that the prerequisites of Rule 23 have been met. *Comcast*, 569 U.S. at 33 (internal citations omitted).

Specifically as to price impact, the Supreme Court in *Halliburton II*, 134 S. Ct. at 2416, held that a defendant must be allowed the opportunity to rebut the fraud-on-the-market presumption of reliance at the class certification stage by introducing "*evidence showing that the alleged misrepresentation did not actually affect the stock's market price*." (emphasis added). And last year, the Supreme Court re-affirmed that "a court cannot conclude that Rule 23's requirements are satisfied without considering all evidence relevant to price impact." *Goldman Sachs Grp.*, 141 S. Ct. at 1961. In light of these Rule 23 standards, courts typically "will conduct a hearing and allow the parties to present evidence on any factual issues that must be resolved so that the court can determine whether the prerequisites for class certification under Rule 23 have been met." 5 Moore's Federal Practice - Civil § 23.82 (2018) (citing *Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec. Litig.)*, 471 F.3d 24, 41 (2d Cir. 2006); *Monroe v. City of Charlottesville*, 579 F.3d 380, 384 (4th Cir. 2009); *Merrill v. Southern Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986); *Shepard v. Beaird-Poulan, Inc.*, 617 F.2d 87, 89 (5th Cir. 1980); and *Glazer*, 722 F.3d 838 at 851)). Indeed, "[t]he district court *should* hold an evidentiary hearing if there is any doubt regarding the issue of class certification." 5 Moore's Federal Practice - Civil § 23.82 (emphasis in original) (citing *Merrill*, 806 F.2d at 608; and *Morrison v. Booth*, 730 F.2d 642, 644 (11th Cir. 1984) (reversing district court's denial of class certification without evidentiary hearing)).

The utility and importance of an evidentiary hearing is apparent given that the Court is tasked with rigorously evaluating and analyzing the evidence to conclude whether the prerequisites of Rule 23 are in fact satisfied. That importance is magnified further when the evidence is very

technical, which is inherently the case with price impact arguments. For instance, Ms. Allen and Plaintiffs' expert, Scott Dalrymple, both performed event studies to test the reaction of Acadia's stock price to particular information, including the information that Plaintiffs claim revealed the truth of the challenged statements concerning Acadia's U.S. operations. Event studies use a statistical analysis called a regression to estimate the relationship between the company's daily stock price returns and the daily returns of market and/or industry indexes. This allows the statistical significance of an abnormal stock price movement to be tested. The experts performed other analyses as well, including analyzing intraday stock price movements and analyst coverage of Acadia's stock during the putative class period.

Defendants suggest that an in-person evidentiary hearing is the most effective and efficient avenue for the Court to consider and probe the technical evidence submitted by the parties. Live testimony provides a forum for Ms. Allen and Mr. Dalrymple to explain their analyses and opinions and field questions from the parties and the Court. The opportunity for cross- examination of the opinions also assists the Court in assessing credibility. For these reasons, courts have recognized the value of evidentiary hearings in connection with class certification of securities cases like this one and routinely conduct such hearings. *See, e.g., Ark. Teachers Ret. Sys. v. Goldman Sachs Grp., Inc.*, 879 F.3d 474, 486, (2nd Cir. 2018) ("encouraging" the district court to hold an evidentiary hearing on class certification involving price impact arguments); *George v. China Auto. Sys., Inc.*, 2013 U.S. Dist. LEXIS 93698, *28, (S.D.N.Y. July 3, 2013) (denying class certification and observing that an evidentiary hearing at which the parties examined and cross-examined the proffered experts was "particularly useful in this matter to assist the Court in understanding the parties' analyses and to assess the credibility of the analytical work performed"); *Ohio Pub. Emples. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 2018 U.S. Dist. LEXIS 137229, *4,

(N.D. Ohio August 14, 2018) (noting that, in connection with class certification, the court held an evidentiary hearing at which it heard expert testimony).

## CONCLUSION

"Given the enormous ramifications of certifying a class – turning potential losses from relatively small amounts into potentially massive exposure – careful analysis of the factors under Rule 23 is required." *George v. China Auto. Sys., Inc.*, 2013 U.S. Dist. LEXIS 93698 at *3. And price impact—"an essential precondition for any Rule 10b-5 class action" is a crucial part of that analysis as recognized by the Supreme Court in *Halliburton II*, 134 S. Ct. at 2416, and *Goldman Sachs Grp.*, 141 S. Ct. at 1958-60. In light of the importance of the price impact issue, and the Court's role in determining class certification, Defendants respectfully ask the Court to set an evidentiary hearing on class certification at a time and date convenient to the Court and the parties.

Pursuant to Local Rule 7.01(a)(1), counsel for the parties conferred, and Plaintiffs' counsel informed Defendants' counsel that Plaintiffs take no position as to Defendants' Motion for Evidentiary Hearing.

Dated: March 1, 2022

                Respectfully submitted,

                */s/ Steven A. Riley*
                Steven A. Riley (BPR #006258)
                Milton S. McGee, III (BPR #024150)
                Elizabeth O. Gonser (BPR #026329)
                Riley Warnock & Jacobson, PLC
                1906 West End Avenue
                Nashville, TN 37203
                Telephone: (615) 320-3700
                Facsimile: (615) 320-3737
                sriley@rwjplc.com
                tmcgee@rwjplc.com
                egonser@rwjplc.com

                Jessica P. Corley (*pro hac vice*)
                Lisa R. Bugni (*pro hac vice*)
                Ronni D. Solomon (*pro hac vice*)
                Brandon R. Keel (*pro hac vice*)
                KING & SPALDING LLP
                1180 Peachtree Street N.E.
                Atlanta, GA 30309
                (404) 572-4600
                jpcorley@kslaw.com
                lbugni@kslaw.com
                rsolomon@kslaw.com
                bkeel@kslaw.com

                *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christopher M. Wood
Robbins Geller Rudman & Dowd LLP
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2203
cwood@rgrdlaw.com

Danielle S. Myers
David C. Walton
Darryl J. Alvarado
J. Marco Janoski Gray
Ting H. Liu
Timothy Alexander Benwa Folkerth
Robbins Geller Rudman & Dowd LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
danim@rgrdlaw.com
davew@csgrr.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com

Jerry E. Martin
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
jmartin@barrettjohnston.com

Michael Bauman
Pitta LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3890
Fax: (212) 652-3891
mbauman@pittalaw.com

Justin J. Lannoye
Dowd, Bloch. Bennett, Cervone, Auerbach &
Yokich LLP
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361
Fax: (312) 372-6599
jlannoye@laboradvocates.com

Thomas C. Michaud
Vanoverbeke, Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201
(313) 578-1200
tmichaud@vmtlaw.com

Matthew M. Guiney
Patrick Donovan
Regina M. Calcaterra
Thomas H. Burt
Wolf, Haldenstein, Adler, Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600
guiney@whafh.com
donovan@whafh.com
calcaterra@whafh.com
burt@whafh.com

Paul Kent Bramlett
Bramlett Law Offices
P O Box 150734
Nashville, TN 37215
(615) 248-2828
pknashlaw@aol.com

/s/ Steven A. Riley