UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>Defendants. | Civil Action No. 3:18-cv-00988<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Defendants Acadia Healthcare Company, Inc. ("Acadia"), Joey Jacobs, Brent Turner, and David Duckworth (collectively, "Defendants"), submit this memorandum of law in support of their motion requesting leave to file a short, five-page sur-reply in opposition to Plaintiffs' Motion for Class Certification. Defendants seek to file a sur-reply solely to address new arguments and new evidence that Plaintiffs raised for the first time in their Reply Brief in Support of their Motion for Class Certification (ECF 131) and the rebuttal report of their expert, Scott Dalrymple (ECF 134-1). None of these arguments or evidence was presented in Plaintiffs' initial Motion for Class Certification, and thus Defendants have not yet had an opportunity to address these matters. Moreover, Defendants' proposed sur-reply is limited to addressing an issue for which they bear the burden of proof—*i.e.*, rebutting the *Basic* presumption of reliance—and for which Defendants should therefore have the final word. For these reasons, as further discussed below, Defendants respectfully request that the Court grant their motion and allow for the filing of Defendants' sur-reply and the accompanying rebuttal report of their expert, Lucy Allen.

## ARGUMENT

Leave to file a sur-reply should be granted where the party seeking leave would otherwise "be unable to contest matters presented to the court for the first time in the opposing party's reply." *United States v. Florence*, No. 2:13-CV-00035, 2020 WL 5797987, at *2 (M.D. Tenn. Sept. 29, 2020) (Newbern, M.J.). Although the Court has discretion to determine whether leave should be granted, the Sixth Circuit has held that a district court abuses that discretion when it refuses to provide leave to file a sur-reply where the opposing party presented "new arguments and new evidence in their reply brief." *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010). The circumstances here are precisely those that justify a sur-reply.

The key issue before the Court on Plaintiffs' Motion for Class Certification is whether the evidence shows that the alleged misrepresentations for Plaintiffs' US-based claims impacted Acadia's stock price and, thus, whether the presumption of reliance from *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), applies to those claims. *See* ECF 120 at 7-20. Neither Plaintiffs, nor their expert, addressed price impact in their initial submissions for Plaintiffs' Motion for Class Certification. *See* ECF 113; ECF 114-3. Plaintiffs waited, instead, to see what arguments and evidence Defendants would submit to prove the lack of price impact from Plaintiffs' US-based claims. After Defendants submitted their Opposition and the report of their expert, Ms. Allen, Plaintiffs attempted to address the lack of price impact for their US-based claims with their reply brief. Specifically, Plaintiffs dedicated 15 pages of their 20-page reply to arguments on price impact that they had not previously raised in this case. *See* ECF 131 at 1-15. They also submitted 20 exhibits with their reply, all of which were submitted in purported support of Plaintiffs' price impact arguments. *See* ECF 134-1 through 134-20. Those new exhibits include Mr. Dalrymple's Rebuttal Report, which is 65 paragraphs in length and focuses exclusively on price impact issues that were not discussed in his initial report. *See* ECF 134-1.

In light of the fact that Plaintiffs raised new arguments and submitted new evidence with their reply, Defendants should be given leave to address these matters in a sur-reply. Indeed, "[t]he Sixth Circuit's focus" when evaluating a request for leave to file a sur-reply "is whether 'new submissions and/or arguments [were] included in a reply brief.'" *See First Tech. Cap., Inc. v. BancTec, Inc.*, No. 5:16-CV-138-REW, 2017 WL 2734716, at *2 (E.D. Ky. June 26, 2017) (quoting *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014)). Where, as here, the reply contains new arguments and evidence, including a new expert report, leave to file a sur-reply should be granted. *See id.*; *see also Ashton*, 387 F. App'x at 583; *Florence*, 2020 WL 5797987, at *2; *In re Sadia, S.A. Sec. Litig.*, 269 F.R.D. 298, 319 (S.D.N.Y. 2010) (allowing sur-reply where plaintiff's expert cited new evidence that was "not a part of [his] initial report or listed in materials relied upon").

Moreover, although Plaintiffs no-doubt chose to avoid addressing price impact in their opening submissions because Defendants bear the burden of proof on that issue, that only further justifies leave to file a sur-reply. Because Defendants bear the burden of persuasion on this issue, they should be given the final word so that they can respond to Plaintiffs' arguments and evidence on price impact. *See, e.g.*, *Siemens Mobility Inc. v. Westinghouse Air Brake Tech.*, No. C.A. No. 16-284-LPS, 2019 WL 1040539, at *1 (D. Del. Mar. 5, 2019) ("As 'the ultimate burden of persuasion rests on the patentee to show that the hypothetical claim does not read on the prior art,' . . . Siemens will be provided the first and last word in argument."); *see also United States v. Sorensen*, 801 F.3d 1217, 1240 (10th Cir. 2015) ("It is common practice for the party with the burden of proof to proceed first and last."); *Sandata Techs., Inc. v. Infocrossing, Inc.*, No. 05 CIV. 09546LMMTHK, 2007 WL 4157163, at *8 (S.D.N.Y. Nov. 16, 2007) (explaining that the party with the burden of proof on an issue deserved the last word as to that issue). In fact, in the specific

context of securities cases where defendants have rebutted *Basic*'s presumption with evidence of lack of price impact, courts regularly grant defendants leave to file a sur-reply to address whatever arguments and evidence plaintiffs submitted on that issue in reply. *See, e.g.*, *Grae v. Correction Corp. of Am., et al.*, Case No. 3:16-cv-2267, ECF 132 (M.D. Tenn. Nov. 6, 2018) (granting defendants leave to file sur-reply to respond to price impact arguments and evidence, including a new expert report, that plaintiff presented with its reply); *see also In re Finisar Corp. Sec. Litig.*, Case No. 5:11-CV-01252-EJD, ECF 147 (N.D. Cal. Nov. 17, 2017) (same); *Pelletier v. ENDO Int'l PLC, et al.*, Case No. 2:17-cv-05114-MMB, ECF 167 (E.D. Pa. Oct. 22, 2020) (same); *In re Mattel, Inc. Sec. Litig.*, Case No. 19-CV-10860-MCS (PLAx), ECF 133 (C.D. Cal. Sept. 9, 2021) (same); *see also In re Barrick Gold Sec. Litig.*, Case No. 1:13-cv-03851-RMB, ECF 122 (S.D.N.Y. Jan. 9, 2016) (granting defendants leave to file sur-reply to respond to new arguments and evidence, including a rebuttal expert report, on damages issues); *Kasper v. AAC Holdings, Inc., et al.*, Case No. 15-cv-00923-JPM-JSF, ECF 117 (M.D. Tenn. April 4, 2017) (ordering supplemental briefing on matters concerning price impact); *Strougo v. Tivity Health, Inc., et al.*, No. 3:20-cv-00165, ECF 152, and 3/9/22 Text Entry (M.D. Tenn. Mar. 9, 2022) (granting request for evidentiary hearing on price impact and, following hearing, order supplemental briefing on same).[1] The Court should follow that practice here.

With that said, however, Defendants do not seek to burden the Court with unnecessary briefing on these issues. Accordingly, Defendants request leave only to submit a five-page sur-

---

[1] As in *Strougo*, Defendants have requested that the Court hold an evidentiary hearing on price impact issues so that the Court may benefit from hearing live testimony from Defendants' expert, Ms. Allen. *See* ECF 122, 123. Defendants ask that the Court grant that request here, as the court did in *Strougo*.

reply on the issue of price impact, as well a rebuttal report from their expert responding to Mr. Dalrymple's Rebuttal Report.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' leave to file their proposed sur-reply and the accompanying Allen rebuttal report.

Dated: April 22, 2022

Respectfully submitted,

/s/ Steven A. Riley

Steven A. Riley (BPR # 006258)
Milton S. McGee, III (BPR # 024150)
Elizabeth O. Gonser (BPR # 026329)
**RILEY & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tmcgee@rjfirm.com
egonser@rjfirm.com

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Ronni D. Solomon (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309
(404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@kslaw.com
rsolomon@kslaw.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christopher M. Wood
ROBBINS GELLER RUDMAN & DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2203
cwood@rgrdlaw.com

Danielle S. Myers
David C. Walton
Darryl J. Alvarado
J. Marco Janoski Gray
Ting H. Liu
Timothy Alexander Benwa Folkerth
ROBBINS GELLER RUDMAN & DOWD LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
danim@rgrdlaw.com
davew@csgrr.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
jmartin@barrettjohnston.com

Michael Bauman
PITTA LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3890
Fax: (212) 652-3891
mbauman@pittalaw.com

Justin J. Lannoye
DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH LLP
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361
Fax: (312) 372-6599
jlannoye@laboradvocates.com

Thomas C. Michaud
Vanoverbeke, Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201
(313) 578-1200
tmichaud@vmtlaw.com

Matthew M. Guiney
Patrick Donovan
Regina M. Calcaterra
Thomas H. Burt
Wolf, Haldenstein, Adler, Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600
guiney@whafh.com
donovan@whafh.com
calcaterra@whafh.com
burt@whafh.com

Paul Kent Bramlett  
Bramlett Law Offices  
P O Box 150734  
Nashville, TN 37215  
(615) 248-2828  
pknashlaw@aol.com  

_/s/ Steven A. Riley_