UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>    Defendants. | Civil Action No. 3:18-cv-00988<br><br>CLASS ACTION<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY OR, IN THE ALTERNATIVE, PLAINTIFFS' MOTION FOR LEAVE TO FILE RESPONSE TO SUR-REPLY |

  Defendants' Motion for Leave to File a Sur-Reply (ECF 141) (the "Motion") does not accurately set forth the parties' respective burdens with respect to class certification and wholly fails to demonstrate any need to file a sur-reply in further opposition to Plaintiffs' motion for class certification (ECF 112) ("Motion to Certify"). ECFs 140-141. Indeed, Defendants have provided no basis whatsoever to further delay these proceedings with an unnecessary sur-reply and rebuttal expert report that seek to only repeat the same arguments presented in Defendants' Opposition to Plaintiffs' Motion to Certify.

  First, to the extent Plaintiffs' reply introduces what Defendants characterize as "new evidence," Motion at 1, it was solely and appropriately introduced to rebut the evidence put forth for the first time by Defendants in their opposition. In moving for class certification, Plaintiffs' burden is to demonstrate that common issues predominate, including with respect to reliance. ECF 113. Plaintiffs did so in their Motion to Certify by providing an expert report demonstrating that Acadia

- 1 -

stock traded in an efficient market, which is sufficient to invoke the presumption of reliance under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). ECF 113 at 13-18. Defendants conceded that Plaintiffs had adequately invoked the *Basic* presumption, but attempted to rebut the presumption by showing an absence of price impact with respect to the alleged fraud. ECF 120 at 2-3, 8-20. Realizing they have not done so, Defendants now seek to file a sur-reply.

Notably, Plaintiffs were not required to present any evidence of price impact in their Motion to Certify.[1] *Burges v. BancorpSouth, Inc.*, 2017 WL 2772122, at *9 (M.D. Tenn. June 26, 2017) ("Plaintiffs are not required to present direct evidence to prove price impact in order to rely on the fraud-on-the-market presumption."). Rather, it was Defendants who had the burden of proving the lack of price impact, which they attempted to do in their opposition by presenting extensive legal analysis and argument, including an expert report purporting to "conclusively" demonstrate that when the truth was revealed, it did not impact Acadia's stock price. ECF 120 at 10.

On reply, Plaintiffs demonstrate the inadequacy of Defendants' showing, including by providing evidence and an expert report to rebut Defendants' arguments. ECF 133 at 9-20; ECF 134-1. There was nothing improper in doing so, nor does Plaintiffs' rebuttal provide grounds for a sur-reply, much less an attempt to submit new briefing, including another expert report.

Reply briefs are intended to reply to arguments made in the opposing party's response brief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Evidence included in a reply brief that is used to rebut statements made in a response brief is "not 'new evidence or arguments' and [does not warrant] a sur-reply brief." *Benison v. Ross*, 2013 U.S. Dist. Lexis 136268, at *2 (E.D. Mich. Sept. 24, 2013); *see also Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002)

---

[1] All citations are omitted unless otherwise noted.

("reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief").

Defendants' cited cases do not counsel against a different conclusion and are utterly inapposite. Both *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010), and *First Tech. Cap., Inc. v. Banctec. Inc.*, 2017 WL 2734716, at *1-*2 (E.D. Ky. June 26, 2017), involved summary judgment briefing under Federal Rule of Civil Procedure 56(c). Moreover, in *First Tech.*, the non-movant did not oppose the filing of the sur-reply and did not dispute that it had "'offer[ed] a completely new argument'" in its reply brief. 2017 WL 2734716, at *1-*2. Similarly inapplicable is *United States v. Florence*, 2020 WL 5797987, at *1 (M.D. Tenn. Sept. 29, 2020), which involved the United States's motion for leave to file a sur-reply in response to a motion to compel. And in *In re Sadia*, the sur-reply was allowed to respond to an opinion that was present in the initial motion for class certification, but where new evidence had been provided in the reply brief to support that same opinion. 269 F.R.D. 298, 318-19 (S.D.N.Y. 2010). No such circumstances exist here.

Plaintiffs' reply briefing was appropriately devoted to rebutting Defendants' assertion that "the alleged misstatements and omissions regarding Acadia's US operations did not have price impact." ECF 120 at 2. Plaintiffs did so by showing that: (1) Defendants concede that the Class should be certified for an eight-month portion of the Class Period that relates to misstatements concerning the financial performance of the Priory Group; and (2) Defendants have failed to meet their burden to "prove that 100% of the price reactions on the alleged corrective disclosure dates were caused by information entirely unrelated to Plaintiffs' allegations." ECF 133 at 9-20 (emphasis omitted).

- 3 -

Further, while the Motion fleetingly refers to "new arguments and new evidence" (Motion at 1), Defendants do not identify what these new items actually are, nor do they even try to argue that Plaintiffs' reply was devoted to anything other than rebutting Defendants' own assertions that they had demonstrated, which they are required to do by a preponderance of the evidence, a lack of price impact. Plaintiffs were not required to provide evidence of price impact in their Motion and could not have responded to Defendants' price impact arguments or their expert report before Defendants filed them. Accordingly, Plaintiffs' reply was appropriately limited to rebutting Defendants' price impact contentions, and a sur-reply is not warranted. *Benison*, 2013 U.S. Dist. LEXIS 136268, at *2.

Defendants' assertions to the contrary – that they should be "given the final word" – is thus a red herring. Motion at 3. And the cases on which Defendants rely are easily distinguished. *See Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, 2019 WL 1040539, at *1 (D. Del. Mar. 5, 2019) (where accused infringer in an "'ensnarement inquiry'" had the same burden to prove in both its opening and reply brief); *United States v. Sorensen*, 801 F.3d 1217, 1240-41 (10th Cir. 2015) (holding that though the government generally should proceed first and last in a tax evasion case, the "court left open the possibility" for the defendant to have the final word "if it became necessary"); *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, at *8 (S.D.N.Y. Nov. 16, 2007) (noting that the party with the burden of proof should have the last word, but also taking into account the "substantial prejudice" to the non-movant if the supplemental and second supplemental reports were relied upon as reply reports were not contemplated by the court in its expert schedule).

Defendants' Motion for Leave to File a Sur-Reply should be denied. However, if the Court is inclined to grant the Motion, Plaintiffs respectfully request that they be granted leave to respond to Defendants' sur-reply and expert report. Plaintiffs have attached their proposed response to Defendants' sur-reply and their expert's response to Defendants' expert rebuttal report as Exhibits 1

- 4 -

4870-6116-9950.v1
Case 3:18-cv-00988   Document 146   Filed 05/06/22   Page 4 of 9 PageID #: 4545

and 2 to the Declaration of Christopher M. Wood, filed concurrently herewith. Plaintiffs' response to Defendants' sur-reply is limited to five pages and Plaintiffs' expert's reply to Defendants' expert rebuttal report is limited to 12 pages, and both respond only to the new points made by Defendants and their expert in their sur-reply submission.[2]

| | |
|---|---|
| DATED: May 6, 2022 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>JERRY E. MARTIN, #20193<br>CHRISTOPHER M. WOOD, #032977 |
| | s/ CHRISTOPHER M. WOOD |
| | CHRISTOPHER M. WOOD |
| | 414 Union Street, Suite 900<br>Nashville, TN 37219<br>Telephone: 615/244-2203<br>615/252-3798 (fax)<br>jmartin@rgrdlaw.com<br>cwood@rgrdlaw.com |

---

[2] Granting Plaintiffs leave to file a sur-sur reply is supported by the securities cases Defendants cite. *See* Order, *In re Mattel, Inc. Sec. Litig.*, No. 19-CV-10860-MCS (PLAx) (C.D. Cal. Sept. 9, 2021), ECF 133 (granting the defendants' ex parte application for leave to file sur-reply to address evidence regarding price impact and granting plaintiffs leave to file a response to the sur-reply). The remainder of the cases, where the courts' order provided a detailed analysis of the parties' positions, are factually distinct. *See, e.g.*, Order at 3, *Grae v. Corr. Corp. of Am., et al.*, No. 3:16-cv-2267 (M.D. Tenn. Nov. 6, 2018), ECF 122, 132 (holding that the plaintiffs' "submission of a lengthy new [70-page] report in support of its Reply [was] an appropriate basis" for allowing the defendants leave to file a sur-reply); Order at 1, *In re Barrick Gold Sec. Litig.*, No. 1:13-cv-03851-RMB (S.D.N.Y. Jan. 19, 2016), ECF 122 (granting the defendants leave to file a sur-reply where the plaintiffs made "the strategic decision not to articulate a damages theory," but where plaintiffs stated for the first time in their reply brief that they were seeking "'out-of-pocket'" damages); Order, *Kasper v. AAC Holdings, Inc., et al.*, No. 15-cv-00923-JPM (M.D. Tenn. Apr. 4, 2017), ECF 117 (where the court ordered supplemental briefing from both parties on two discrete issues and held that replies or sur-replies could only be made with leave of court); Minute Entry 3/9/22, *Strougho v. Tivity Health, Inc., et al.*, No. 3:20-cv-00165 (M.D. Tenn. Mar. 9, 2022) (where the court ordered post-hearing briefs).

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DARRYL J. ALVARADO
J. MARCO JANOSKI GRAY
TING H. LIU
T. ALEX B. FOLKERTH
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com

Lead Counsel for Plaintiffs

DOWD, BLOCH, BENNETT, CERVONE,
  AUERBACH & YOKICH
JUSTIN J. LANNOYE
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
Telephone: 312/372-1361
312/372-6599 (fax)
jlannoye@laboradvocates.com

Counsel for Chicago & Vicinity Laborers'
District Council Pension Fund

PITTA LLP
MICHAEL BAUMAN
120 Broadway, 28th Floor
New York, NY 10271
Telephone: 212/652-3890
212/652-3891 (fax)
mbauman@pittalaw.com

Counsel for New York Hotel Trades Council &
Hotel Association of New York City, Inc. Pension
Fund

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 6, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

Email: cwood@rgrdlaw.com

# Mailing Information for a Case 3:18-cv-00988 St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **AMALGAMATED BANK, TRUSTEE**
  PKNASHLAW@AOL.COM

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **BOSTON RETIREMENT SYSTEM**
  PKNASHLAW@AOL.COM

- **Michael Bauman**
  mbauman@pittalaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Thomas H. Burt**
  burt@whafh.com

- **Regina M. Calcaterra**
  calcaterra@whafh.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick Donovan**
  donovan@whafh.com

- **Timothy Alexander Benwa Folkerth**
  afolkerth@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,nnguyen@rjfirm.com

- **J. Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew M. Guiney**
  guiney@whafh.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Justin J. Lannoye**
  jlannoye@laboradvocates.com

- **Ting H. Liu**
  tliu@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,ealexander@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rjfirm.com,EWard@kslaw.com,dgibby@rjfirm.com

- **Thomas C. Michaud**
  tmichaud@vmtlaw.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **PLYMOUTH COUNTY RETIREMENT ASSOC**
  PKNASHLAW@AOL.COM

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

Case 3:18-cv-00988   Document 146   Filed 05/06/22   Page 8 of 9 PageID #: 4549

- **David C. Walton**
  davew@csgrr.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,kjohnson@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`