# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>　　　　　　Defendants. | Civil Action No. 3:18-cv-00988<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

### INTRODUCTION

Plaintiffs acknowledge that they raised new arguments and submitted new evidence, including a new expert report, with their reply brief. *See* ECF 141 at 2. Although it is axiomatic that a sur-reply should be allowed where the opposing party raises new arguments and submits new evidence on reply, Plaintiffs still oppose Defendants' motion for leave, seemingly just to make new arguments and request that they be given an opportunity to file a sur-sur-reply. But that requested relief (which is procedurally improper in any event) would unfairly prejudice Defendants, who have the burden of proof on the issue and thus should be given the last word. Defendants' Motion for Leave to File a Sur-Reply should be granted and Plaintiffs' improper request for a sur-sur-reply should be denied.

### ARGUMENT

None of the three arguments Plaintiffs raise in their response to Defendants' motion for leave justifies denying Defendants' request, and each should be rejected accordingly.

***First***, Plaintiffs argue that "[t]here was nothing improper" about raising price impact

arguments and submitting price impact evidence on reply, *see* ECF 146 at 2, but that misses the point of Defendants' motion. Defendants do not contend it was improper for Plaintiffs to raise price impact arguments and evidence for the first time on reply—that is typically what plaintiffs do in these cases. But that is also precisely why Defendants should have an opportunity to file a sur-reply, so that they can address the new arguments and evidence Plaintiffs submitted on reply, particularly given that Defendants bear the burden of proof on the price impact issue.

**Second**, in response to Defendants' cited authority showing that courts regularly grant defendants leave to file a sur-reply to address price impact arguments and evidence submitted in a reply brief (*see* ECF 141 at 4 (collecting cases)), Plaintiffs contend that the cases are "factually distinct." *See* ECF 146 at 5 n.2. But no relevant factual distinction exists. Just as Judge Trauger held that the plaintiffs' "submission of a lengthy new report in support of its Reply [was] an appropriate basis for allowing a brief, expeditiously filed sur-reply" in *Grae v. Corr. Corp. of Am.*, No. 3:16-cv-2267, ECF 132 (M.D. Tenn. Nov. 6, 2018), so too is the case here. The courts came to the same conclusion in *In re Finisar Corp. Sec. Litig.*, No. 5:11-CV-01252-EJD, ECF 147 (N.D. Cal. Nov. 17, 2017) and *Pelletier v. ENDO Int'l PLC*, No. 2:17-cv-05114-MMB, ECF 167 (E.D. Pa. Oct. 22, 2020), neither of which Plaintiffs even attempt to address. Plaintiffs strategically chose to wait until their reply brief to address price impact, and Defendants should therefore have an opportunity to respond to those arguments in a sur-reply, as courts have routinely held.

To be sure, none of the three other cases Plaintiffs cite in their response supports denying Defendants leave to file a sur-reply. In fact, *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008), supports the relief Defendants seek. There, the Sixth Circuit found that the opposing party was "unfairly prevented [] from presenting a counter-argument to the court" given the defendant's failure to raise its argument until a reply. *Id.* at 553. Here, Defendants similarly will be unfairly

denied an opportunity to respond to issues Plaintiffs first raised in their reply if leave to file a sur-reply is not granted. *See id.* In *Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002), the Sixth Circuit held that it was not error to consider evidence submitted in a reply because it was offered to respond to arguments made in a response brief. *Id.* at 476. But, again, the Sixth Circuit noted that "in the face of new evidence [submitted on reply], the court should permit the opposing party an opportunity to respond." *Id.* at 477. Finally, in *Benison v. Ross*, No. 12-cv-15226, 2013 U.S. Dist. Lexis 136268, (E.D. Mich. Sept. 24, 2013), the court expressly stated that "[w]here a party raises a new argument in a reply brief, the Court should allow a sur-reply to which the nonmoving party did not have a reasonable opportunity to respond." *Id.* at *1. Although the court denied leave for a sur-reply in that case because the defendant did not raise any new arguments in its reply (*id.* at *2), that is not true here. Plaintiffs raised no argument and presented no evidence in their opening brief concerning price impact, or lack thereof, for the challenged US-based statements. *See generally* ECF 71 (never mentioning price impact). They then argued in reply that those challenged statements impacted Acadia's stock price and submitted another expert report and nineteen additional exhibits in support of that argument. *See* ECF 131 through 134-20.[1] Consistent with the decisions courts have reached in other securities cases involving price impact, and according to the Sixth Circuit authority cited by all parties here, a sur-reply is justified under this scenario. *See, e.g.*, ECF 141 at 2 ("a district court abuses [its] discretion when it refuses to provide leave to file a sur-reply where the opposing party presented 'new arguments and new evidence in their reply brief'" (quoting *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010)); *accord Peters*, 285 F.3d at 477.

---

[1] Given their submission of twenty exhibits with their reply brief, it is unclear why Plaintiffs assert that "Defendants do not identify what these new items actually are," *see* ECF 146 at 4.

***Third***, although the above cited authority should be the end of it, Plaintiffs refuse to stop at responding to the actual request for leave that is before the Court. Instead, they ask in their response brief that the Court also accept their sur-sur-reply, plus now a third report from their putative expert, Mr. Dalrymple, if the Court grants Defendants' request for leave. *See* ECF 146 at 4-5.[2] But Plaintiffs have filed no motion for leave to submit a sur-sur-reply, and such a request cannot be made in a response brief. *See* L.R. 7.01(a)(2) ("[E]very motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities."); *Cox v. Erie Ins. Exch.*, No. 1:18-CV-01196-JDB-JAY, 2019 WL 3021218, at *1 (W.D. Tenn. July 10, 2019) (it is "not proper to include a separate request for relief in a response"; the party must file a "separate" motion); *Phillips v. Nationstar Mortg., LLC*, No. 3:13-CV-01414, 2016 WL 2866164, at *1 n.4 (M.D. Tenn. May 17, 2016) (rejecting defendants' request for attorneys' fees in motion to dismiss and noting that they should make such a request "in a separate motion"). For that reason alone, the Court should deny Plaintiffs' improper request.

Impropriety aside, the Court should also reject Plaintiffs' request to submit a sur-sur-reply and a third expert report because Defendants, as the party bearing the burden of proof on price impact, should have the final word on that issue. *See* ECF 141 at 3-4 (collecting cases); *see also City of St. Louis v. Am. Tobacco Co.*, No. Cause No. 982-09652, 2003 WL 23277277, at *1 (Mo. Cir. Ct. Dec. 16, 2003) (refusing to strike plaintiffs' sur-reply "since Plaintiffs bear the burden of proof and persuasion on the issue of personal jurisdiction" and "they, in fairness, should have the opportunity to submit a follow-up to what would otherwise be their first and only written memorandum on the issue"); *Lee v. State*, 405 Md. 148, 162 (2008) ("Generally, the party holding

---

[2] Not even Plaintiffs could feasibly believe their contention that Defendants' sur-reply "only repeat[s] the same arguments presented in Defendants' Opposition," ECF 146 at 1. If that were true, Plaintiffs would not be requesting to submit a sur-sur-reply and another expert report.

the 'affirmative of the issue . . . has the right to begin and reply . . . .'").

Although the Court should not accept them, the proposed sur-sur-reply and third Dalrymple report do not support certifying the US-based class period in this case. Mr. Dalrymple spends the bulk of his third report attempting to confuse the issues and proffering a false interpretation of the meaning of statistical significance in an event study. *See* Ex. B, Allen Sur-Rebuttal Rept. ¶¶ 5-11. Plaintiffs also repeat their disproven contention that a lack of statistically significant price movement from the challenged statements—and the alleged corrective disclosures—does not show a lack of price impact, despite the courts and the experts recognizing otherwise. *See* ECF 120 at 11 (collecting cases recognizing that defendants rebutted *Basic* presumption through evidence showing a lack of statistically significant price movement from alleged misstatements and corrective disclosures); *see also* Ex. B, Allen Sur-Rebuttal Rept. ¶¶ 5-11. In the end, what Plaintiffs' third proffered report shows is not that the US-based class period should be certified, but rather that the Court should grant Defendants' (unopposed) request for an evidentiary hearing so that the Court can evaluate the parties' respective expert testimony and the evidence showing that the challenged US-based statements did not impact Acadia's stock price. *See* ECF 122-123.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' leave to file their proposed sur-reply and the accompanying Allen rebuttal report and reject Plaintiffs' improper request to submit a sur-sur-reply and third Dalrymple report. In the event the Court accepts Plaintiffs' sur-sur-reply and third expert report over Defendants' objection, Defendants ask that the Court also consider the attached Sur-Rebuttal Report of Ms. Allen.

Dated: May 13, 2022

Respectfully submitted,

*/s/ Steven A. Riley*
Steven A. Riley (BPR # 006258)

Milton S. McGee, III (BPR # 024150)
Elizabeth O. Gonser (BPR # 026329)
**RILEY & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tmcgee@rjfirm.com
egonser@rjfirm.com

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Ronni D. Solomon (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309
(404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@kslaw.com
rsolomon@kslaw.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christopher M. Wood
ROBBINS GELLER RUDMAN & DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2203
cwood@rgrdlaw.com

Danielle S. Myers
David C. Walton
Darryl J. Alvarado
J. Marco Janoski Gray
Ting H. Liu
Timothy Alexander Benwa Folkerth
ROBBINS GELLER RUDMAN & DOWD LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
danim@rgrdlaw.com
davew@csgrr.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
jmartin@barrettjohnston.com

Michael Bauman
PITTA LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3890
Fax: (212) 652-3891
mbauman@pittalaw.com

Justin J. Lannoye
DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH LLP
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361
Fax: (312) 372-6599
jlannoye@laboradvocates.com

Thomas C. Michaud
Vanoverbeke, Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201
(313) 578-1200
tmichaud@vmtlaw.com

Matthew M. Guiney
Patrick Donovan
Regina M. Calcaterra
Thomas H. Burt
Wolf, Haldenstein, Adler, Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600
guiney@whafh.com
donovan@whafh.com
calcaterra@whafh.com
burt@whafh.com

Paul Kent Bramlett  
Bramlett Law Offices  
P O Box 150734  
Nashville, TN 37215  
(615) 248-2828  
pknashlaw@aol.com  

*/s/ Steven A. Riley*