# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>    Defendants. | Civil Action No. 3:18-cv-00988<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL

Pursuant to Local Rule 5.03, Defendants Acadia Healthcare Company, Inc. ("Acadia"), Joey Jacobs, Brent Turner, and David Duckworth (collectively, "Defendants") submit this response to Plaintiffs' Motion For Leave to File Under Seal (ECF 144), which requests leave to file under seal the unredacted version of a single exhibit, the Reply Report of W. Scott Dalrymple, submitted with the Declaration of Christopher M. Wood in Support of Lead Plaintiffs' Opposition to Defendants' Motion for Leave to File a Sur-Reply or, in the Alternative, Plaintiffs' Motion for Leave to File Response to Sur-Reply (ECF 145).

This exhibit (the "Dalrymple Reply") references and quotes from documents containing confidential and competitively-sensitive business information that justifies maintaining the redacted portions of the report under seal. And this information does not implicate only the confidentiality interests of Acadia—the confidential and competitively-sensitive information included in the Dalrymple Reply largely impacts two non-parties to this dispute concerning their confidential offers to acquire Acadia and due diligence related thereto. Not even the identities of

these non-parties have been publicly revealed, so they are again referred to herein as "Potential Buyer 1" and "Potential Buyer 2," consistent with the confidential nature of these negotiations. The interest in maintaining the confidentiality of the redacted information in the Dalrymple Reply outweighs any presumption of public access to the records, particularly given the risk of competitive harm that would exist for Acadia and these innocent third parties if this information is publicly revealed. And, because the vast majority of the class certification briefing is publicly available, the handful of minor redactions in this single filing simply will not be necessary to evaluate any judicial decision relating to this action. Thus, the public will not suffer any adverse effect from the sealing of the unredacted version of this document. Accordingly, for these reasons, as more fully described herein, Defendants respectfully request that the Court allow the unredacted version of the Dalrymple Reply to remain under seal.

## ARGUMENT

This Court has broad discretion under Rule 26(c) of the Federal Rules of Civil Procedure to seal documents that contain confidential business information. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). To show good cause for such an order, a party generally must demonstrate that its interest in sealing the documents outweighs the public's interest in access to the records. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). And, although there is a presumption of public access to court records, that presumption can be overcome by a compelling reason for non-disclosure. *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). In addition to demonstrating the existence of such a compelling reason, the party seeking to maintain materials under seal must show that the sealing

request is narrowly tailored to protect the compelling interest. *See Shane Grp.*, 825 F.3d at 305. Defendants have satisfied both of these requirements with regard to the Dalrymple Reply.

> **I.     Compelling Reasons Exist To Seal The Unredacted Version of The Dalrymple Reply.**

Following the command of the Sixth Circuit in *Shane Group*, district courts in this Circuit have repeatedly "recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies" and operational or financial data "is a compelling reason to restrict public access to filings." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017); *see also London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (finding compelling reason for non-disclosure where documents at issue contained "highly confidential business information, such as marketing strategies, revenue/sales data, and financial calculations"); *Durbin v. C&L Tiling Inc.*, No. 3:18-CV-334-RGJ, 2019 WL 4615409, at *14–15 (W.D. Ky. Sept. 23, 2019) (granting motion to seal "financial statements and budgets," "e-mail communications discussing . . . financial information," and audit reports given the risk of "serious injury if disclosed to the public"); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (granting motion to seal documents containing "market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy").

That is particularly true when the confidential information at issue implicates the interests of third parties. *Shane Grp.*, 825 F.3d at 308 ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation."). Indeed, "harm to third parties whose only involvement in the case is business dealings with the defendant is a sufficiently justifiable reason to seal." *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at

*7 (W.D. Ky. June 26, 2018). The redacted portions of the Dalrymple Reply contain such confidential business information that justifies sealing.

### A. The Redacted Portions of The Dalrymple Reply Contain Confidential and Commercially Sensitive Material.

The redacted portions of the Dalrymple Reply contain quotes and references to non-public and commercially-sensitive information regarding confidential negotiations and offers between Acadia and non-parties Potential Buyer 1 and Potential Buyer 2. For instance, the redacted portions of the Dalrymple Reply discuss the potential acquisition prices and terms of the proposals by both Potential Buyer 1 and Potential Buyer 2. These sensitive, specific details—especially the offer prices—were never made public or disclosed outside of the parties involved in these negotiations, as reflected by the fact that the information was exchanged under the terms of confidentiality agreements prohibiting such disclosure. In fact, these offer prices still have never been made publicly available. In addition to these prices, the redacted portions of the Dalrymple Reply also reference certain due diligence findings by Potential Buyer 1 and a discussion by Potential Buyer 1 of the specific numerical impact of such findings on its offer price to Acadia. The redacted portions of the Dalrymple Reply also quote from internal deliberations by Potential Buyer 2 as to the price point at which it would consider reengaging in negotiations with Acadia.

Thus, these redacted portions of the Dalrymple Reply largely reflect the sensitive, non-public acquisition strategies and analyses of these two non-parties, as well as that of Acadia. The disclosure of this information thus would not only reveal sensitive internal information regarding Acadia, but would also provide insight into Potential Buyer 1's and Potential Buyers 2's internal strategies and business methods. For instance, this information would reveal the methods by which these potential buyers value and incorporate information into their business strategies and establish proposals and offer prices to targets.

### B. The Confidential and Commercially-Sensitive Nature of the Information in the Redacted Portions of the Dalrymple Reply Provides Compelling Reason to Maintain Sealing.

The sensitive, non-public information contained in the redacted portions of the Dalrymple Reply—especially the exact offer terms and prices proposed by Potential Buyer 1 and Potential Buyer 2—is precisely the type of confidential business information that justifies sealing. Courts have acknowledged the sensitive nature of confidential information relating to a potential business transaction, like that at issue here. *See United States v. Anthem, Inc.*, No. 1:16-CV-01493 (ABJ), 2016 WL 11164059, at *3 (D.D.C. Nov. 20, 2016) (documents containing "non-public business information concerning merger integration analyses and strategies" should be sealed given "significant harm to Anthem's business interests"). These types of "financial calculations" reflect both the sensitive financial information of Acadia as well the competitive acquisition strategies of Potential Buyer 1 and Potential Buyer 2, which justifies sealing. *See London Computer Sys., Inc.*, 2019 WL 4110516, at *4; *see also Durbin*, 2019 WL 4615409, at *14-15 (finding "[f]inancial statements and budgets," including "net income, net margin, gross profit, revenue, total income, and operating expenses," as well as emails discussing such financial information, to be "sensitive financial information" justifying sealing). Making this information public would provide competitors to these two non-parties, as well as competitors to Acadia, an "inside look" at, among other things, the companies' non-public financial details, negotiation tactics, and acquisition strategies, including the specific financial terms offered for these potential transactions, which were never publicly disclosed.

Competitors could use that information—to which they would otherwise not have access—to gain an unfair competitive advantage over these non-parties or Acadia. For example, competitors could understand the way in which these non-parties engage in the valuation, negotiation, and execution of buyouts. These sensitive details include the process for negotiating

proposals with potential targets, methods for formulating offer prices, and internal analyses regarding the economic viability of certain offer prices. Such information is central to the businesses of Potential Buyer 1 and Potential Buyer 2 and, if publicly revealed, could be copied by competitors and used to obtain an unfair advantage over these non-parties in the marketplace. Potential targets of these non-parties could also use this information to gain an unfair advantage in unrelated negotiations for current or future transactions that have no bearing on this dispute. And, while these particular negotiations occurred in 2018, the information in these portions of the Dalrymple Reply nonetheless still reflects the overarching acquisition strategies employed by these two non-parties.

Because the public disclosure of these confidential and sensitive details could provide an advantage to the competitors of both Acadia and these non-parties, there is a compelling interest in maintaining the unredacted version of the Dalrymple Reply under seal. *See Anthem*, 2016 WL 11164059, at *3 (disclosure of merger integration analyses and strategies could cause "significant harm" to business interests, justifying sealing); *Durbin*, 2019 WL 4615409, at *14–15 (sealing financial statements, budgets, and audit reports given the interest in preventing such "financial information from being disclosed to the public and especially to [] competitors"); *In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 12-CV-6003, 2015 WL 8570883, at *4 (N.D. Cal. Nov. 18, 2015), *report and recommendation adopted*, No. 12-CV-6003-CRB, 2015 WL 8479543 (N.D. Cal. Dec. 10, 2015), *aff'd*, 716 F. App'x 603 (9th Cir. 2017) (recommending sealing of documents that could "disadvantage" company in "its pursuit of potential acquisitions" and "constrain" the company's "ability to negotiate in high-stakes situations"); *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 783-85 (S.D. Ohio 2018), *aff'd*, 954 F.3d 852 (6th Cir. 2020) (sealing confidential information provided to a company's board of directors); *Space*

*Data Corp. v. X*, No. 16-CV-03260-BLF, 2017 WL 11503233, at *2 (N.D. Cal. Sept. 25, 2017) (granting sealing of "business planning and financial information" and "budget and research development plans" given the risk of harm to the parties' businesses); *Kamdem-Ouaffo v. Idahoan Foods, LLC*, 243 F. Supp. 3d 1130, 1145–46 (D. Idaho 2017), *aff'd*, 789 F. App'x 75 (9th Cir. 2020) (finding compelling reasons existed to seal "sensitive business and financial information," including "operating budgets," "financial performance," and "future business planning and decisions" given "such documents could be used to a company's competitive disadvantage"); *Marathon Petroleum Co.*, 2018 WL 3130945, at *6 (granting request to seal documents that, if publicly revealed, posed a competitive risk to defendant); *Ethicon*, 2017 WL 4168290, at *2 (granting request to seal, noting that "confidential information" justifying a stay includes "non-public information that contains confidential trade secret, technical, business, financial, or personal information").

Indeed, the fact that the information in the redacted portions of the Dalrymple Reply contains the confidential and competitively-sensitive information of non-parties independently supports maintaining this information under seal. *See Shane Grp.*, 825 F.3d at 308; *Marathon Petroleum Co.*, 2018 WL 3130945, at *7.

### C. The Compelling Interest in Maintaining these Redactions Outweighs the Public Interest in Access to this Information.

In contrast to the significant risk of harm posed to Acadia and these non-parties by the public disclosure of this information, there would be no harm to the public interest if the unredacted version of the Dalrymple Reply remains sealed. Plaintiffs' Motion for Class Certification, Defendants' Opposition Brief (as well as the exhibits in support of those filings), and Defendants' Proposed Sur-Reply Brief are not sealed and are entirely publicly available. Similarly, the vast majority of Plaintiffs' Reply Brief is also publicly available. And, most of the Dalrymple Reply

would still be publicly available since only a handful of phrases and sentences are redacted. As a result, the public will have access to the substance of all of the arguments the parties have raised in connection with Plaintiffs' motion for class certification and will be able to understand the arguments made in this briefing without public access to the unredacted Dalrymple Reply. Thus, the public interest will not be harmed because the information Defendants seek to maintain under seal is not "necessary for the public to evaluate any judicial decision or to understand the result of th[e] litigation" or to "view the conduct which gave rise to th[e] dispute." *Proctor & Gamble Co.*, 2017 WL 3537195, at *3.

For these reasons, Defendants have demonstrated a compelling reason supporting sealing that outweighs any public interest to access this information, which justifies its sealing. *See Shane Grp.*, 825 F.3d at 305.

## II. Defendants Have Narrowly Tailored Their Request to Seal.

Finally, Defendants' request to maintain sealing of this minor amount of redacted information in a single filing is narrowly tailored to serve the compelling interests identified above. Defendants do not seek to unnecessarily restrict public access to information here—they merely request that the Court maintain a handful of redactions in a single exhibit containing confidential and commercially sensitive information of non-parties and Acadia. For this information, there is a compelling interest for sealing that outweighs the minimal risk to the public interest in access to this information. *See Marathon Petroleum Co.*, 2018 WL 3130945, at *6 (finding "the scope of the seal [to be] appropriately narrow" where "[r]ather than requesting that their entire briefs and all exhibits be sealed, the parties have limited the scope of the seal to only the exhibits in question and the portion of their briefs that discuss them"). Furthermore, Defendants already narrowed the scope of the information sought to be sealed here. Specifically, Defendants notified Plaintiffs'

counsel that certain references and quotes in the Dalrymple Reply to a document marked as confidential could be filed as unredacted.[1]

The motion here is thus distinguishable from instances where courts have denied requests to seal. For instance, in *Shane*, the Sixth Circuit found that the district court abused its discretion in sealing the amended complaint, the entirety of the class certification briefing, and ***194*** exhibits related to that briefing. *Shane*, 825 F.3d at 306-09. Similarly, in *In re Envision*, cited by Plaintiffs, "[t]he motions to seal request[ed] the complete seal or narrowed redaction of approximately 37 documents, including the memoranda briefing the motion to certify [the] class." 2021 WL 4391622 at *1. Here, the request to maintain sealing of a small amount of redacted information in a single exhibit is a far cry from the requests in those cases. Granting Defendants' request for sealing to protect this confidential and competitively sensitive information, including that of third parties, will not unduly impinge on the public's access to the Court's records or prohibit the public from understanding the parties' arguments relating to class certification.[2]

---

[1] Similarly, Defendants do not seek to maintain under seal the redaction in footnote 7 of the Dalrymple Reply.

[2] In previous filings, Plaintiffs have argued that Defendants' requests to maintain documents under seal are deficient because "[e]videntiary support is required." ECF 142 at 3. However, the cases that Plaintiffs rely upon stand for the proposition that "conclusory allegations" are insufficient and a party must "do more than simply allege the information constitutes confidential business information." *See Yoe v. Crescent Sock Co.*, No. 1:15-CV-3-SKL, 2017 WL 11479916, at *2 (E.D. Tenn. Mar. 24, 2017). Instead, a party must provide a "reasoned analysis explaining why" sealing certain documents is necessary. *Id.* Here, Defendants do exactly that. They have provided reasoned analysis containing specific facts showing the injury that would occur to both Acadia and innocent non-parties if this information was made publicly available. Defendants also point to these documents as evidentiary support. Moreover, the cases that Plaintiffs rely upon are easily distinguishable. *See, e.g.*, *Graff v. Haverhill N. Coke Co.*, No. 1:09-CV-670, 2011 WL 13161211, at *6 (S.D. Ohio Feb. 28, 2011) (explaining that *In re Air Crash at Lexington, Ky.* is "inapposite" because it involved "the wholesale and unnecessary sealing of entire deposition transcripts and the designation of every single document produced by the defendant as "confidential").

## CONCLUSION

For these reasons, Defendants respectfully request that the Court maintain under seal the unredacted version of the Dalrymple Reply.

Dated: May 20, 2022

Respectfully submitted,

*/s/ Steven A. Riley*

Steven A. Riley (BPR # 006258)
Milton S. McGee, III (BPR # 024150)
Elizabeth O. Gonser (BPR # 026329)
**RILEY & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tmcgee@rjfirm.com
egonser@rjfirm.com

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Ronni D. Solomon (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309
(404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@kslaw.com
rsolomon@kslaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this May 20, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christopher M. Wood
ROBBINS GELLER RUDMAN &
DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2203
cwood@rgrdlaw.com

Danielle S. Myers
David C. Walton
Darryl J. Alvarado
J. Marco Janoski Gray
Ting H. Liu
Timothy Alexander Benwa Folkerth
ROBBINS GELLER RUDMAN &
DOWD LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
danim@rgrdlaw.com
davew@csgrr.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
jmartin@barrettjohnston.com

Michael Bauman
PITTA LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3890
Fax: (212) 652-3891
mbauman@pittalaw.com

Justin J. Lannoye
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH &
YOKICH LLP
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361
Fax: (312) 372-6599
jlannoye@laboradvocates.com

Thomas C. Michaud
Vanoverbeke, Michaud &
Timmony, P.C.
79 Alfred Street
Detroit, MI 48201
(313) 578-1200
tmichaud@vmtlaw.com

Matthew M. Guiney
Patrick Donovan
Regina M. Calcaterra
Thomas H. Burt
Wolf, Haldenstein, Adler, Freeman &
Herz LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600
guiney@whafh.com
donovan@whafh.com
calcaterra@whafh.com
burt@whafh.com

Paul Kent Bramlett
Bramlett Law Offices
P O Box 150734
Nashville, TN 37215
(615) 248-2828
pknashlaw@aol.com


*/s/ Steven A. Riley*