UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ACADIA HEALTHCARE COMPANY, INC., et al., <br><br> Defendants. | Civil Action No. 3:18-cv-00988 <br><br> District Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO DEPOSE INCARCERATED DEPONENT WILLIAMSON PENN LITTLE

Defendants Acadia Healthcare Company, Inc. ("Acadia"), Joey Jacobs, Brent Turner, and David Duckworth (collectively, "Defendants"), submit this memorandum of law in support of their motion requesting leave under Rule 30(a)(2)(B) to take the deposition of Williamson Penn Little, who is currently incarcerated in the Clark County Detention Center in Las Vegas, Nevada (the "Detention Center"). For the reasons discussed below, Defendants respectfully request that the Court grant their motion and allow for the deposition of Mr. Little to occur.

### ARGUMENT

When a party seeks to take the deposition of an incarcerated person, Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure provides that the party "must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(B). Interpreting this rule, courts in the Sixth Circuit have noted that leave should be granted "freely, as long as the deposition can be conducted without undue imposition on prison authorities." *El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 1:07-CV-598, 2009 WL 1228680,

at *1 (W.D. Mich. Apr. 30, 2009); *see also Settle v. Parris*, No. 3:19-CV-32, 2020 WL 3105410, at *1 (E.D. Tenn. June 11, 2020) (granting motion to take deposition of deponent confined in prison). Accordingly, courts regularly grant leave under Rule 30(a)(2)(B) where the proposed deposition is "likely to yield relevant facts" and "appears to be proportional to the needs of the case." *Becker v. OSB Inv.*, LLC, No. 2:19-MC-00032-MWF, 2019 WL 12381108, at *2 (C.D. Cal. Apr. 5, 2019) (collecting cases); *see also Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.,* No. CV 11-2405, 2017 WL 1383710, at *3 (E.D. La. Apr. 18, 2017).

Such circumstances exist here. In this action for alleged violations of the federal securities laws, Plaintiffs allege that the purported "truth" of Defendants' "fraud" was revealed through a series of public disclosures, including a November 16, 2018 article authored by Mr. Little that was posted on the website Seeking Alpha (the "Seeking Alpha Article"). *See* ECF 39 ¶¶ 190-92. Plaintiffs allege that Mr. Little's Seeking Alpha Article and the other alleged corrective disclosures establish loss causation, an essential element of Plaintiffs' claims. *See In re KBC Asset Mgmt. N.V.*, 572 F. App'x 356, 360 (6th Cir. 2014). Moreover, Plaintiffs rely upon numerous assertions in the Seeking Alpha Article as a basis for the allegations in the Amended Complaint. *See, e.g.*, ECF ¶¶ 129, 157. Thus, Mr. Little's testimony is likely to yield facts directly relevant to the claims and defenses at issue here. *See Becker*, 2019 WL 12381108, at *2.

Mr. Little, as a short seller of Acadia securities at the time of the Seeking Alpha Article, also possessed a clear motive to exaggerate or fabricate the assertions in the Seeking Alpha Article. Short sellers such as Mr. Little "operate by speculating that the price of a security will decrease . . . [so] they have an obvious motive to exaggerate the infirmities of the securities in which they speculate." *In re Longtop Financial Technologies Ltd. Sec. Litig.*, 910 F. Supp. 2d 561, 577 (S.D.N.Y. 2012). Mr. Little—who is currently incarcerated at the Detention Center awaiting trial

on over 50 fraud-related charges[1]—stood to profit if Acadia's stock price declined, thus providing motivation to publish negative accusations about the company.

In short, Mr. Little's Seeking Alpha Article is indisputably relevant to the claims and defenses at issue in this case, and Defendants should be able to depose him about that article, as well as any motivation he may have had to exaggerate or fabricate the claims made therein. Moreover, consistent with Rule 30, if this motion is granted, Defendants will coordinate with Detention Center personnel to ensure that this deposition does not unduly impose on the prison. Indeed, Defendants have already been in contact with the Detention Center about this deposition and were provided a contact to work through logistics once an order allowing for the deposition to occur has been entered by the Court. Accordingly, Defendants submit that a deposition of Mr. Little is justified pursuant to Rule 30(a)(2)(B).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants leave to take the deposition of Williamson Penn Little.

| | |
|---|---|
| Dated: August 17, 2022 | Respectfully submitted,<br><br>*/s/ Steven A. Riley*<br><br>Steven A. Riley (BPR # 006258)<br>Milton S. McGee, III (BPR # 024150)<br>Elizabeth O. Gonser (BPR # 026329)<br>**RILEY & JACOBSON, PLC**<br>1906 West End Avenue<br>Nashville, TN 37203<br>(615) 320-3700<br>sriley@rjfirm.com<br>tmcgee@rjfirm.com<br>egonser@rjfirm.com |

---

[1] *See* Glenn Puit, *Fraud suspected in Texas man's $56K spree at Las Vegas Strip resort* (July 23, 2020, 6:43 AM), https://www.reviewjournal.com/crime/fraud-suspected-in-texas-mans-56k-spree-at-las-vegas-strip-resort-2079708/

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Ronni D. Solomon (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309
(404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@kslaw.com
rsolomon@kslaw.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christopher M. Wood
ROBBINS GELLER RUDMAN &
DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2203
cwood@rgrdlaw.com

Danielle S. Myers
David C. Walton
Darryl J. Alvarado
J. Marco Janoski Gray
Ting H. Liu
Timothy Alexander Benwa Folkerth
ROBBINS GELLER RUDMAN &
DOWD LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
danim@rgrdlaw.com
davew@csgrr.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
jmartin@barrettjohnston.com

Michael Bauman
PITTA LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3890
Fax: (212) 652-3891
mbauman@pittalaw.com

Justin J. Lannoye
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH &
YOKICH LLP
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361
Fax: (312) 372-6599
jlannoye@laboradvocates.com

Thomas C. Michaud
Vanoverbeke, Michaud &
Timmony, P.C.
79 Alfred Street
Detroit, MI 48201
(313) 578-1200
tmichaud@vmtlaw.com

Matthew M. Guiney
Patrick Donovan
Regina M. Calcaterra
Thomas H. Burt
Wolf, Haldenstein, Adler, Freeman &
Herz LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600
guiney@whafh.com
donovan@whafh.com
calcaterra@whafh.com
burt@whafh.com

Paul Kent Bramlett  
Bramlett Law Offices  
P O Box 150734  
Nashville, TN 37215  
(615) 248-2828  
pknashlaw@aol.com

*/s/ Steven A. Riley*