UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>Defendants. | Civil Action No. 3:18-cv-00988<br><br>CLASS ACTION<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO DEPOSE INCARCERATED DEPONENT WILLIAMSON PENN LITTLE |

Defendants' Motion for Leave to Depose Incarcerated Deponent Williamson Penn Little (ECF 163-164) should be denied. Defendants' motion does not meet the requirements of Federal Rule of Civil Procedure 30(a)(2)(B) because it fails to establish that Mr. Little's deposition would yield testimony relevant to any of the claims or defenses at issue in this case.

## I. LEGAL STANDARD

Pursuant to Rule 30(a)(2)(B), a party "must obtain leave of court" to take the deposition of a deponent who is "confined in prison." The Court "must grant leave ***to the extent consistent with Rule 26(b)(1) and (2)***." Fed. R. Civ. P. 30(a)(2)(B). In other words, Rule 30(a)(2)(B) imposes a relevance requirement on parties seeking permission to depose incarcerated witnesses such as Mr. Little. *See Lopez v. Williams*, 2018 WL 6113086, at *5 (C.D. Cal. June 21, 2018) ("Plaintiff's motion is therefore denied because it seeks leave to depose a prisoner on irrelevant matters not proportional to the needs of the case."); *Butler v. King*, 2019 WL 4439559, at *4 (D.S.C. Sept. 17, 2019) (denying motion to depose prisoner where testimony sought was "not sufficiently relevant

- 1 -

to defending against [plaintiff's] claim and, therefore, [wa]s 'outside the scope permitted by 26(b)(1)'"); *Stockwell v. Hamilton*, 2018 WL 10279116, at *2 (E.D. Mich. May 3, 2018) (noting that a Court should not grant leave pursuant to Rule 30(a)(2)(B) if the movant "is seeking privileged, irrelevant, or unnecessarily costly information").

## II.   ARGUMENT

Defendants' motion seeks irrelevant information and should be denied. Defendants offer two arguments for relevance: (1) that "Plaintiffs allege that Mr. Little's Seeking Alpha Article and the other alleged corrective disclosures establish loss causation"; and (2) that "Plaintiffs rely upon numerous assertions in the Seeking Alpha Article as a basis for the allegations in the Amended Complaint." ECF 164 at 2. Neither of these assertions, however, suggest that Mr. Little would have any information relevant to the claims or defenses in this case.

### A.   Defendants Have Failed to Show that Mr. Little's Testimony Could Be Relevant to Loss Causation

"Loss causation requires 'a causal connection between the material misrepresentation and the loss.'" *Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 920 (6th Cir. 2007) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005)). Plaintiffs must prove "how the statements were revealed to be false and thereby caused a drop in the stock price." *Ind. State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 944 (6th Cir. 2009). Beyond simply stating that an article he purportedly authored is one of the alleged corrective disclosures in this case, nowhere do Defendants actually explain how Mr. Little's testimony could be relevant to this analysis. Indeed, it is hard to imagine what information Mr. Little could offer that would tend to make it more or less probable that Acadia's stock price declined because his article revealed a portion of Defendants' fraud to the market.

The assertions in the article speak for themselves – indeed, the article provides citations to many of its sources, such as lawsuits against Acadia, Glassdoor.com employee reviews, and the Form 4s filed by Acadia's insiders.[1] The loss causation analysis in this case, with respect to the article, is whether the article partially revealed the truth concealed by Defendants' fraud, and whether that disclosure caused a decline in Acadia's stock price. That analysis will be the subject of competing expert opinion. *See Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, 2015 WL 685159, at *4 (S.D.N.Y. Feb. 18, 2015) (holding that the "parties may proffer at trial expert opinions regarding loss causation from witnesses they timely disclosed as their experts," but that "defendants may not seek to offer opinion testimony from non-expert witnesses on the issue of loss causation" unless those witnesses conducted a factual investigation into loss causation during the course of their employment). Indeed, the effect of Mr. Little's November 2018 article on Acadia's stock price has already been the subject of extensive briefing and competing expert opinion in connection with Defendants' challenge to price impact at class certification (ECF 120, §¶I.B.; ECF 121-1, §VII.B.; ECF 133, §II.D.; ECF 134-1, §III.B.2.) – and neither side has claimed a need to seek Mr. Little's lay opinion on such issues. Defendants have failed to show how Mr. Little's testimony, as a lay witness, could be in any way relevant to this analysis.

Defendants contend that they want to depose Mr. Little because "as a short seller of Acadia securities at the time of the Seeking Alpha Article, [he] also possessed a clear motive to exaggerate or fabricate the assertions in the Seeking Alpha Article."[2] ECF 164 at 2. But Mr. Little's

---

[1] The article supplies the following link to the publicly available sources cited therein: https://www.dropbox.com/sh/edipup27v9mbio5/AAAgDjlsvuwW-Kp04PG6ew5va?dl=0.

[2] While irrelevant, Defendants have failed to put forth any evidence whatsoever to support their assertion that Mr. Little was in fact a short seller of Acadia securities at the time of the Seeking Alpha article.

motivation for writing the article published in *Seeking Alpha* has nothing to do with the article's impact on Acadia's stock price or proving that Defendants' statements, omissions, and conduct were materially misleading. *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 910 F. Supp. 2d 561, 577-78 (S.D.N.Y. 2012) does not support Defendants' contention. *Longtop* merely holds that the existence of short seller reports about a company is not necessarily sufficient for a plaintiff to adequately allege a strong inference of scienter with respect to a company's auditor.[3] It does not hold, as Defendants suggest, that a seller short's motive may be relevant to loss causation.

### B. Defendants Have Failed to Show that Mr. Little's Testimony Could Be Relevant to Falsity

Similarly, Defendants do not explain why Plaintiffs' citations to Mr. Little's article in the Complaint make his testimony relevant to proving falsity; nor do Defendants specify what relevant information they would like to obtain from Mr. Little.

That Plaintiffs cite Mr. Little's article in the Complaint does not mean that his testimony is relevant to proving the claims and defenses in this action. Plaintiffs cited Mr. Little's article in the Complaint because, without access to discovery (which was stayed), the article supported Plaintiffs' efforts to meet their heavy pleading burden under the Private Securities Litigation Reform Act of 1995. But this does not mean that Mr. Little could offer testimony relevant to the claims and defenses now at issue in the case. *See In re Subpoenas to Produce Documents, Info., or Objects to Muddy Waters, et al.*, No. 2:18-mc-00147-AG (DFMx), ECF 31, at 4 (C.D. Cal. Jan. 8, 2019) (granting in part anonymous short seller Aurelius's motion to quash a subpoena for the

---

[3] Defendants' only other securities case, *In re KBC Asset Mgmt. N.V.*, 572 F. App'x 356 (6th Cir. 2014), is cited for the uncontroversial proposition that loss causation is an essential element of a securities fraud action. ECF 164 at 2.

- 4 -

production of documents because "'at some point the basis for extending discovery . . . becomes sufficiently attenuated that the relevance goes from slight to marginal to zero'").[4]

An analogous situation was presented in *Grae v. Corr. Corp. of America*, where defendants sought the identity of a confidential witness cited in plaintiffs' complaint. *Grae*, 326 F.R.D. 482, 486 (M.D. Tenn. 2018). There, Judge Trauger explained that "[t]he kind of *post hoc* investigation into the sourcing of a complaint's allegations that [Defendants] envision[] . . . is untethered to any mechanism, under the Federal Rules of Civil Procedure, for resolving the case." *Id.* Rather, once a case has proceeded beyond the motion to dismiss stage, "what will matter will be the evidence actually presented, not the bare allegations of the Amended Complaint." *Id.* Similar to *Grae*, Plaintiffs "turned to [the *Seeking Alpha* article] to bolster one particular supportive detail . . . . Now that the parties have moved into discovery, however, that issue can be addressed by looking to any number of other sources." *Grae*, 326 F.R.D. at 487.

Here, Plaintiffs will prove that Defendants' statements, omissions, and conduct were misleading using the documents produced in discovery and testimony by **experts** and **percipient witnesses**. Whether or not Mr. Little had a motive to "exaggerate or fabricate" the assertions in his article – an accusation for which Defendants offer absolutely no support – has nothing to do with what Plaintiffs are actually required to prove at this stage of the case, namely, that Defendants' statements, omissions, and conduct were misleading.

---

[4] The court in *Muddy Waters* only denied the portion of Aurelius's motion to quash that related to defendants' document requests for "documents reflecting Muddy Waters' [an investment fund alleged to be associated with Aurelius] transactions in securities of Banc" and "Muddy Waters' decision to enter into any transactions in securities of Banc" because, the court explained, these requests may yield information about what investors knew before the alleged corrective disclosure in the underlying case, which could be relevant to loss causation and reliance. *Id.* Here, Defendants do not argue that Mr. Little may be able to provide comparable information about what market participants knew prior to the publication of his article – nor have Defendants offered any evidence that Mr. Little even traded in Acadia securities.

### C. Defendants Have Conceded Mr. Little Lacks Relevant Information By Failing to Include Him in Their Initial Disclosures, Yet Seek to Depose Him for an Improper Purpose

Defendants' initial disclosures do not include Mr. Little as someone likely to have discoverable information that Defendants may use to support their claims or defenses, severely undercutting their arguments for relevance. *Cf.* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Rather, it appears that Defendants seek to depose Mr. Little simply because he was perceived to be a serial antagonist of Acadia who published negative information about Acadia. Again, *Grae*, in which "[o]ne of [defendants'] former employees . . . expressly impugn[ed] the honesty and credibility of [defendant] executives," is analogous. *Grae*, 326 F.R.D. at 485. As in *Grae*, "it would be surprising if [Defendants] *did not* want to know" more about Mr. Little and his motivations. *Id.* But "[u]nderstandable curiosity . . . is not the standard for discoverability under Rule 26(b)(1)." *Id.*

Where, as here, Defendants have utterly failed to establish the relevance of the testimony they seek, Rule 30(a)(2)(B) does not provide a mechanism for Defendants to waste the parties', the prison's, the Court's, and the witness's time with irrelevant questioning designed solely to satisfy Defendants' curiosity. *See, e.g.*, *Lopez*, 2018 WL 6113086, at *5 ("Further, [Little's] location in [Nevada] state prison places a non-trivial burden and expense on the parties to conduct the deposition [Defendants] seek[], and also burdens the prison. Any marginal benefit from [Little's] testimony is outweighed by that burden and expense.").

## III. CONCLUSION

Defendants have failed to establish that Mr. Little's deposition testimony would yield any information relevant to the claims or defenses in this case, or to justify the burden associated with such a fishing expedition. Plaintiffs respectfully request that the Court deny Defendants' motion.

DATED: August 31, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JERRY E. MARTIN, #20193
CHRISTOPHER M. WOOD, #032977

*s/ Christopher M. Wood*
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
jmartin@rgrdlaw.com
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DARRYL J. ALVARADO
J. MARCO JANOSKI GRAY
TING H. LIU
T. ALEX B. FOLKERTH
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com

Lead Counsel for Plaintiffs

DOWD, BLOCH, BENNETT, CERVONE,
　AUERBACH & YOKICH
JUSTIN J. LANNOYE
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
Telephone: 312/372-1361
312/372-6599 (fax)
jlannoye@laboradvocates.com

Counsel for Chicago & Vicinity Laborers'
District Council Pension Fund

PITTA LLP
MICHAEL BAUMAN
120 Broadway, 28th Floor
New York, NY 10271
Telephone: 212/652-3890
212/652-3891 (fax)
mbauman@pittalaw.com

Counsel for New York Hotel Trades Council &
Hotel Association of New York City, Inc.
Pension Fund

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 31 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Christopher M. Wood*
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: cwood@rgrdlaw.com

# Mailing Information for a Case 3:18-cv-00988 St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **AMALGAMATED BANK, TRUSTEE**
  PKNASHLAW@AOL.COM

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **BOSTON RETIREMENT SYSTEM**
  PKNASHLAW@AOL.COM

- **Michael Bauman**
  mbauman@pittalaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Thomas H. Burt**
  burt@whafh.com

- **Regina M. Calcaterra**
  calcaterra@whafh.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick Donovan**
  donovan@whafh.com

- **Timothy Alexander Benwa Folkerth**
  afolkerth@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,nnguyen@rjfirm.com

- **J. Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew M. Guiney**
  guiney@whafh.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Justin J. Lannoye**
  jlannoye@laboradvocates.com

- **Ting H. Liu**
  tliu@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,ealexander@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rjfirm.com,EWard@kslaw.com,dgibby@rjfirm.com

- **Thomas C. Michaud**
  tmichaud@vmtlaw.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **PLYMOUTH COUNTY RETIREMENT ASSOC**
  PKNASHLAW@AOL.COM

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **David C. Walton**
  davew@csgrr.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,kjohnson@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`