UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>Defendants. | Civil Action No. 3:18-cv-00988<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

**JOINT STATUS REPORT CONCERNING PROPOSED AMENDED CASE MANAGEMENT ORDER AND REQUEST FOR STATUS CONFERENCE**

Pursuant to the Court's directive at the September 7, 2022 conference, Plaintiffs Chicago & Vicinity Laborers' District Counsel Pension Fund and New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund ("Plaintiffs"), and Defendants Acadia Healthcare Company, Inc. ("Acadia" or the "Company"), Joey Jacobs, Brent Turner, and David Duckworth (collectively, "Defendants," and together with Plaintiffs, the "Parties") submit this status report concerning their efforts to agree on a proposal for amending the Case Management Order in this action (ECF 155). As discussed below, despite their efforts, the Parties have not been able to reach an agreement on a proposed schedule and therefore submit competing proposals below and request an additional status conference to discuss these matters with the Court.

1. Since the Court entered the operative scheduling order in this case on June 16, 2022, see ECF 155, the Parties have been diligently proceeding with discovery.

2. Plaintiffs are currently in the process of taking the twenty-five (25) fact depositions allotted to them. They have completed thirteen (13) depositions and state that they will notice and

complete the remaining twelve (12) depositions following the completion of Defendants' document production and the resolution of outstanding discovery disputes.

3. Recently, the Court granted Plaintiffs' motion to compel the production of documents from The Priory Group ("Priory") in the United Kingdom. *See* ECF 155. During a September 7, 2022 status conference, the Court gave the parties until September 29, 2022 to agree on search terms to be applied to Priory documents and to submit a revised case schedule that contemplated the search and production of Priory documents. Defendants filed an objection to the Court's order regarding Priory documents. *See* ECF 172. As referenced in the objection, Defendants have been informed by Priory that Priory will not voluntarily produce any additional documents, and, thus, Defendants are pursuing the procedures under The Hague Convention to compel documents from Priory in an effort to comply with the Court's order. To that end, contemporaneously with this status report, Defendants will be filing an application for a Letter of Request to obtain the requested documents from Priory.

4. In addition, the Parties await a ruling on Plaintiffs' motion to compel production of preservation-related documents currently being withheld by Defendants on the basis of attorney-client privilege and work product protection (*see* ECF 124), which will guide the resolution of the Parties' impasse on hundreds of other preservation-related documents that are currently in dispute. The Parties are also currently discussing Plaintiffs' request that Defendants de-designate certain documents currently being withheld on the basis of attorney-client privilege and work product protection, which the Parties will promptly bring to the Court should they be unable to resolve this dispute informally.

5. Per the Court's directive during the September 7, 2022 status conference, the Parties met-and-conferred in an effort to negotiate a proposed extension of the Case Management

Order (ECF 155) to accommodate the remaining discovery to be completed in the Action, and the pending motions that could impact that discovery. The Parties exchanged multiple proposals for amending the schedule but did not reach an agreement. As a result, the Parties submit the competing proposals below.

6. **Plaintiffs' Proposal.** Defendants' attempt to obtain documents via The Hague Convention is untimely and, more importantly, insufficient to comply with Defendants' obligations. Defendants were ordered to collect documents from Priory and apply search terms on those documents for production to Plaintiffs. Defendants have made clear that they cannot and therefore will not do that. And even if Defendants are someday successful in obtaining documents from Priory through The Hague Convention procedures, that will not satisfy Defendants' obligation to produce fulsome discovery under the Federal Rules of Civil Procedure, as The Hague Convention and the U.K.'s Evidence (Proceedings in Other Jurisdictions) Act of 1975 ("Evidence Act") procedures do not permit Defendants to collect full mailboxes of the relevant Priory custodians and apply search terms to those documents, as required by the Order. Further, The Hague Convention and Evidence Act procedures do not recognize Rule 26 document requests, such as requests for "all documents and communications" concerning Priory's financial performance or documents "concerning" Priory's document preservation, which Plaintiffs are entitled to here. Rather, only limited, specifically-identified documents may be requested under The Hague Convention and Evidence Act procedures, such as a contract entered into on a specified date or an invoice sent on a specified date. Indeed, "[t]he English courts are *very strict* regarding the scope of a letter of request."[1] "If documentary evidence is sought, those documents must be

---

[1] https://www.penningtonslaw.com/news-publications/latest-news/2018/transatlantic-litigation-obtaining-evidence-from-a-uk-entity-for-use-in-us-court-proceedings.

*clearly identified*."[2]  "For example, an order will not be made against a non-party to the US proceedings requiring them to state what relevant documents they have or had in their possession, custody and control.  Further, the court will only require specific documents to be disclosed which are adequately particularised in the letter of request."[3]  At bottom, "*[t]he English court rules on the disclosure of documents are very restrictive in comparison to the equivalent discovery rules in the US*."[4]

7. Defendants have made clear they cannot comply with their production obligations with respect to Priory documents, and The Hague Convention and Evidence Act procedures – which can take many months or more, particularly in this post-Covid environment – are not an adequate alternative.  Therefore, there is no need to further delay resolution of this four-year-old case by tying the discovery cutoff to resolution of Defendants' efforts pursuant to The Hague Convention and Evidence Act, as Defendants propose.  Rather, given Defendants' representations concerning their inability to comply with the Court's order regarding the collection, search, and production of Priory documents, Plaintiffs intend to file a motion for sanctions.

8. Plaintiffs are hopeful that the outstanding discovery disputes can be resolved expeditiously so that this case can proceed to trial.  Nevertheless, to accommodate the resolution of the outstanding discovery disputes, Plaintiffs propose to extend the fact discovery period and modify the pre-trial deadlines accordingly, subject to the Court's approval.

9. Plaintiffs' requested extension would modify the schedule as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Completion of Fact Discovery | September 21, 2022 | 60 days after resolution of currently outstanding discovery disputes |

---

[2]  *Id.*
[3]  *Id.*
[4]  *Id.*

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| | | concerning preservation-related documents |
| Submission of Affirmative Expert Reports | October 24, 2022 | 35 days after completion of fact discovery |
| Submission of Rebuttal Expert Reports | November 22, 2022 | 35 days after submission of affirmative expert reports |
| Responses to Rebuttal Expert Reports | December 20, 2022 | 28 days after submission of rebuttal expert report |
| Expert Depositions Completed | January 13, 2023 | 28 days after submission of responses to rebuttal expert reports |
| Summary Judgment/Daubert Motions | January 25, 2023 | 21 days after completion of expert depositions |
| Responses to Summary Judgment/Daubert Motions | February 22, 2023 | 28 days after submission of summary judgment/Daubert motions |
| Replies to Summary Judgment/Daubert Motions | March 8, 2023 | 21 days after submission of responses to summary judgment/Daubert motions |
| Trial Date | June 6, 2023 | 90 days after submission of replies to summary judgment/Daubert motions, or at the Court's convenience |

10. Following resolution of currently outstanding discovery disputes, Plaintiffs propose that the Parties would submit an Amended Case Management Order with dates certain that substantially conform to the above-referenced deadlines.

11.     **Defendants' Proposal.** Defendants submit that Plaintiffs' proposed schedule does not provide adequate time for the discovery the Court has ordered to occur—nor even for the discovery Plaintiffs are seeking. As noted above, the Court has ordered Defendants to collect and produce documents from Acadia's former subsidiary in the U.K., Priory, which was sold to a third party in January 2021. Defendants objected to the ruling, arguing that it should be reversed because Defendants do not have possession, custody, or control over these Priory documents. But in an effort to comply with the Court's order, Defendants nonetheless attempted to obtain these materials from Priory following the ruling. That effort included providing the Court's ruling to Priory's general counsel, retaining an e-discovery vendor to receive and process the collection, offering to cover the costs of processing, reviewing, and producing these documents, and discussing the matter with Priory's outside counsel. Priory, however, refused to provide the requested documents, taking the position that there is no legal or contractual basis requiring them to provide this information to Defendants and that the Court has no jurisdiction over Priory.

12.     With Priory refusing to provide these documents voluntarily, the only remaining path for Defendants to obtain these documents is through the processes that exist for compelling discovery from a U.K. entity—specifically, the U.K.'s Evidence (Proceedings in Other Jurisdictions) Act of 1975 ("Evidence Act"). Accordingly, contemporaneously with this filing, Defendants are filing an application for issuance of a Letter of Request pursuant to the Evidence Act in an effort to obtain the requested documents from Priory. If the Court grants that application, Defendants would then submit the executed Letter of Request to the applicable U.K. court to enforce it. That process, of course, may take some time to complete. But it is the only feasible option to obtain this information at this point.

13. Moreover, Plaintiffs have indicated that they do not intend to notice and complete the remaining depositions until Defendants complete their document production, which presumably Plaintiffs mean to include the requested documents from Priory.

14. Plaintiffs' proposed schedule, however, does not account for this discovery or provide enough time for it to occur. Accordingly, in light of the Court's order compelling documents from Priory and the other discovery Plaintiffs indicate they intend to take, Defendants submit that the schedule should be more appropriately tied to the resolution of the outstanding discovery disputes *and* the timing of production of Priory documents, consistent with the Court's direction during the September 7th conference.

15. Defendants therefore propose that the schedule be amended as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Completion of Fact Discovery | September 21, 2022 | 60 days after the later of (a) resolution of currently outstanding discovery disputes or (b) Defendants' effort to obtain documents from Priory through The Evidence Act |
| Submission of Affirmative Expert Reports | October 24, 2022 | 35 days after completion of fact discovery |
| Submission of Rebuttal Expert Reports | November 22, 2022 | 35 days after submission of affirmative expert reports |
| Responses to Rebuttal Expert Reports | December 20, 2022 | 28 days after submission of rebuttal expert report |
| Expert Depositions Completed | January 13, 2023 | 28 days after submission of responses to rebuttal expert reports |

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Summary Judgment/Daubert Motions | January 25, 2023 | 21 days after completion of expert depositions |
| Responses to Summary Judgment/Daubert Motions | February 22, 2023 | 28 days after submission of summary judgment/Daubert motions |
| Replies to Summary Judgment/Daubert Motions | March 8, 2023 | 21 days after submission of responses to summary judgment/Daubert motions |
| Trial Date | June 6, 2023 | 90 days after submission of replies to summary judgment/Daubert motions, or at the Court's convenience |

16. Following resolution of the currently outstanding discovery disputes or Defendants' efforts to obtain documents from Priory through the Evidence Act, whichever is later, Defendants propose that the Parties would submit an Amended Case Management Order with dates certain that substantially conform to the above-referenced deadlines.

17. Both of the requested extensions above would conform to the requirements of Local Rule 16.01(h)(1) in that no dispositive motion deadline, including response and reply briefs, would be later than 90 days in advance of the trial date.

18. Given the Parties' disagreement on the proposed schedule, the Parties respectfully request a status conference with the Court to discuss these proposals or any alternative amendment to the schedule to account for the remaining discovery.

Dated: September 29, 2022        Respectfully submitted,

s/ Darryl J. Alvarado

ROBBINS GELLER RUDMAN & DOWD LLP
Darren J. Robbins
Darryl J. Alvarado
J. Marco Janoski Gray
Ting H. Liu
T. Alex B. Folkerth
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dalvarado@rgrdlaw.com
jgray@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
Christopher M. Wood, #032977
Jerry E. Martin, #20193
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
jmartin@rgrdlaw.com
cwood@rgrdlaw.com

*Lead Counsel for Plaintiffs*


DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH
Justin J. Lannoye
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
Telephone: 312/372-1361
312/372-6599 (fax)
jlannoye@laboradvocates.com

*Counsel for Chicago & Vicinity Laborers'
District Council Pension Fund*

PITTA LLP
Michael Bauman
120 Broadway, 28th Floor
New York, NY 10271
Telephone: 212/652-3890
212/652-3891 (fax)
mbauman@pittalaw.com

*Counsel for New York Hotel Trades Council & Hotel*


Steven A. Riley (BPR # 006258)
Milton S. McGee, III (BPR # 024150)
Elizabeth O. Gonser (BPR # 026329)
**RILEY & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tmcgee@rjfirm.com
egonser@rjfirm.com


s/ Lisa R. Bugni (*with permission*)

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Ronni D. Solomon (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309
(404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@kslaw.com
rsolomon@kslaw.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this September 29, 2022, I electronically filed the following document and accompanying exhibits with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christopher M. Wood
ROBBINS GELLER RUDMAN &
DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2203
cwood@rgrdlaw.com

Danielle S. Myers
David C. Walton
Darryl J. Alvarado
J. Marco Janoski Gray
Ting H. Liu
ROBBINS GELLER RUDMAN &
DOWD LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
danim@rgrdlaw.com
davew@csgrr.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
jmartin@barrettjohnston.com

Michael Bauman
PITTA LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3890
Fax: (212) 652-3891
mbauman@pittalaw.com

Justin J. Lannoye
DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH LLP
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361
Fax: (312) 372-6599
jlannoye@laboradvocates.com

Steven A. Riley (BPR # 006258)
Milton S. McGee, III (BPR # 024150)
Elizabeth O. Gonser (BPR # 026329)
**RILEY & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tmcgee@rjfirm.com
egonser@rjfirm.com

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Ronni D. Solomon (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309
(404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@kslaw.com
rsolomon@kslaw.com

*s/ Darryl J. Alvarado*

# Mailing Information for a Case 3:18-cv-00988 St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **AMALGAMATED BANK, TRUSTEE**
  PKNASHLAW@AOL.COM

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **BOSTON RETIREMENT SYSTEM**
  PKNASHLAW@AOL.COM

- **Michael Bauman**
  mbauman@pittalaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Thomas H. Burt**
  burt@whafh.com

- **Regina M. Calcaterra**
  calcaterra@whafh.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Patrick Donovan**
  donovan@whafh.com

- **Timothy Alexander Benwa Folkerth**
  afolkerth@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,nnguyen@rjfirm.com

- **J. Marco Janoski Gray**
  mjanoski@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew M. Guiney**
  guiney@whafh.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Justin J. Lannoye**
  jlannoye@laboradvocates.com

- **Ting H. Liu**
  tliu@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,jkarsten@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Milton S. McGee , III**
  tmcgee@rjfirm.com,EWard@kslaw.com,dgibby@rjfirm.com

- **Thomas C. Michaud**
  tmichaud@vmtlaw.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **PLYMOUTH COUNTY RETIREMENT ASSOC**
  PKNASHLAW@AOL.COM

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Ronni D. Solomon**
  rsolomon@kslaw.com

- **David C. Walton**
  davew@csgrr.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,panderson@rgrdlaw.com,panderson@ecf.courtdrive.com,agonzales@rgrdlaw.coom,mwaligurski@rgrdlaw.com,kjohnson@rgrdlaw.com,agonzale

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`