UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>  Defendants. | Case No. 3:18-cv-00988<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Defendants Acadia Healthcare Company, Inc., Joey A. Jacobs, Brent Turner, and David Duckworth have moved under Federal Rule of Civil Procedure 30(a)(2)(B) for leave to depose proposed fact witness Williamson Penn Little, who is incarcerated. (Doc. No. 163.) Plaintiffs oppose the motion (Doc. No. 167), and Defendants have filed a reply (Doc. No. 169). For the reasons that follow, Defendants' motion will be granted.

**I.  Legal Standard**

Federal Rule of Civil Procedure 30 provides that parties generally may "depose any person" without leave of court. Fed. R. Civ. P. 30(a)(1). "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)," however, "if the deponent is confined in prison." Fed. R. Civ. P. (a)(2)(B). Rule 26, in turn, permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).[1]

II.     **Analysis**

Little is the author of a November 16, 2018 article entitled "Acadia Healthcare: Very Scary Findings From a 14-Month Investigation" that was published on the website Seeking Alpha (the Seeking Alpha Article). (Doc. Nos. 39, 163.) In their consolidated complaint bringing claims of securities fraud, Plaintiffs allege that

> [t]he article described Acadia's rapid growth, but attributed Acadia's recent revenue and margin increases to cost-cutting and "reducing the quality of care." The article highlighted severe problems at seven of Acadia's facilities – facilities also mentioned in the Aurelius Value report – as "consistent with declining quality of care, and reported that according to an industry expert, "'due to the number of suicides at some of their facilities, Acadia's ability to accept certain patients has been restricted by state-level governments.'" On this news, the price of Acadia securities declined from a close of $37.86 per share on November 15, 2018, to an intraday low of $28.02 per share on November 16, 2018 – a decline of 26%.

(Doc. No. 39 ¶ 11.) Plaintiffs further allege that the Seeking Alpha Article "stated that while most of Acadia's business came from referrals, an industry expert state that 'Acadia has developed an industry-wide reputation for not providing quality care, cutting costs, and cannibalizing their own programs in order to raise profits. As a result, reputable clinicians are willing to refer to Acadia less and less[.]'" (*Id.* at ¶ 129(f).) Plaintiffs also cite an article published on The Motley Fool website entitled "Here's Why Acadia Healthcare Company Inc. Is Plummeting" and allege that "[t]he article stated that '[s]hares of Acadia . . . dropped 19% as of 12:05 p.m. EST on Friday. The decline appears to be linked to the release of [the *Seeking Alpha* report] . . . The crux of the short-

---

[1]     Rule 26(b)(2) sets limits on the "frequency and extent" of discovery that are not relevant to Defendants' motion. Fed. R. Civ. P. 26(b)(2).

seller's argument is that Acadia is engaged in a number of questionable business practices and that its books do not look as good as they appear.'" (*Id.* at ¶ 191.)

Defendants state that Little's deposition is likely to yield relevant testimony because the Seeking Alpha Article is argued by Plaintiffs to establish loss causation, an essential element of their case, at least in part. (Doc. No. 163.) Defendants argue that "Mr. Little, as a short seller of Acadia securities at the time of the Seeking Alpha Article, also possessed a clear motive to exaggerate or fabricate the assertions in the Seeking Alpha article" and "stood to profit if Acadia's stock price declined, thus providing motivation to publish negative accusations about the company." (*Id.*) Defendants thus seek to depose Little "about [the Seeking Alpha Article], as well as any motivation he may have had to exaggerate or fabricate the claims made therein." (*Id.*)

Plaintiffs oppose Little's deposition on grounds that that Defendants have not shown that it would yield testimony that falls within the broad scope of discovery established by Rule 26(b)(1). (Doc. No. 167.) Plaintiffs state that they cited Little's article in the complaint "because, without access to discovery . . . the article supported Plaintiffs' efforts to meet their heavy pleading burden. . . . But this does not mean that Mr. Little could offer testimony relevant to the claims and defenses now at issue in the case." (*Id.*) Plaintiffs argue, in essence, that Little's testimony as to the why and how of his authoring the Seeking Alpha Article is no longer relevant because the case has moved past the pleading stage and that the relevant proof at this stage of the case is the article's effect on Acadia's stock price. (*Id.*)

Plaintiffs' objections merit little discussion. Relevant discovery under Rule 26 is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401). The centrality of the Seeking Alpha

Article to Plaintiffs' consolidated complaint—where it is repeatedly referenced as the critical event in revealing the alleged securities fraud (Doc. No. 39, ¶¶ 11, 129(f), 157(c), 190, 191, 223)—by itself provides strong basis on which to find Little's testimony relevant. Defendants also cite the relevance of Little's testimony as to his sources, arguing that, if Little "relied exclusively on publicly-available information for his article, that fact would be relevant to determining whether his article could support a finding of loss causation because a corrective disclosure 'must present facts to the market that are new, that is, publicly revealed for the first time.'" (Doc. No. 169 (quoting *Meyer v. Greene*, 710 F. 3d 1189, 1197–98 (11th Cir. 2013)).)

"The language of Rule 30(a)(2) *requires* the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information." *McGinnis v. Huq*, No. 16-CV-13461, 2017 WL 1044989, at *1 (E.D. Mich. Mar. 20, 2017). Plaintiffs have not shown that the testimony Defendants seek from Little is any of those things. The authority on which Plaintiffs rely in their opposition is distinguishable and does not support a conclusion that Little's deposition falls outside the scope of permissible discovery. (Doc. No. 169.) Rule 30(a)(2) thus directs the Court to grant Defendants' motion for leave to take Little's deposition.

### III. Conclusion

Defendants' motion for leave to depose Williamson Penn Little under Rule 30(a)(2)(B) is GRANTED. Defendants shall coordinate with the facility where Little is detained to ensure that the taking of his deposition does not exact an undue burden on that facility's operations.

It is so ORDERED.

*[Signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge