IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similar, ) ) ) ) Plaintiff, ) ) v. ) ) ACADIA HEALTHCARE COMPANY, ) INC., et al., ) ) Defendants. ) | NO. 3:18-cv-00988 JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Review of Nondispositive Order of Magistrate Judge filed by Defendants Acadia Healthcare Company, Inc. ("Acadia"), Joey Jacobs, Brent Turner, and David Duckworth (collectively, "Defendants"). (Doc. No. 171). Through the Motion, Defendants seek review of the Magistrate Judge's September 7, 2022 Order (Doc. No. 168) granting Plaintiff's motion to compel (Doc. No. 106). Plaintiffs filed a response (Doc. No. 179), and Defendants filed a reply (Doc. No. 183). For the reasons set forth below, the Magistrate Judge's Order (Doc. No. 168) is **AFFIRMED**.

### I. BACKGROUND

This is a securities fraud class action on behalf of all persons who purchased or otherwise acquired Acadia common stock between April 30, 2014, and November 15, 2018 ("Class Period"). (*See* Doc. Nos. 39, 178). Acadia is a for-profit healthcare company that operates inpatient psychiatric facilities, residential treatment centers, and other facilities providing outpatient behavioral healthcare services in the United States and the United Kingdom ("U.K."). (Doc. No. 39 ¶¶ 2, 28). Acadia acquired most of its U.K. facilities in February 2016 through a $2.2 billion

acquisition of The Priory Group ("Priory"), the U.K.'s largest chain of behavioral health centers. (*Id*. ¶ 91). The Consolidated Complaint alleges that, *inter alia*, throughout 2017, Defendants misrepresented the financial state and expected performance of Acadia's newly acquired Priory facilities. (*Id*. ¶¶ 6, 99- 108, 159-177). Accordingly, a significant portion of this case involves statements concerning the earnings expectations and performance of Acadia's U.K. facilities through the first three fiscal quarters of 2017.

This lawsuit was initiated on October 1, 2018; a consolidated amended complaint was filed April 1, 2019. (Doc. Nos. 1, 39). On May 31, 2019, Defendants moved to dismiss. (Doc. No. 40). In December 2020, Defendant Acadia sold Priory. The Court denied Defendants' motion to dismiss on January 20, 2021. (Doc. Nos. 54, 55).

While the motion to dismiss was pending, discovery was stayed, and the parties were required to preserve all documents "as if they were the subject of a continuing request for production of documents." Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u–4(b)(3)(C). Following the Court's denial of Defendants' motion to dismiss and the resulting lift of the discovery stay, Plaintiffs requested documents concerning Acadia's U.K. operations. (Doc. No. 108, Exs. 14-17, 23-25, 27). Defendants responded that they "w[ould] not produce documents that are located only outside of the United States" or "any documents that are outside of Acadia's possession, custody, or control given that Acadia sold Priory in December 2020." (Doc. No. 111-15 at PageID # 2848).

On January 28, 2022, Plaintiffs moved to compel Defendants to collect and produce documents from Priory, (Doc. No. 108), arguing, *inter alia*, that Priory sources have relevant documents, the discovery is not unduly burdensome or disproportionate to the needs of the case, and "Defendants have possession, custody, or control of the discovery in question, having

2

Case 3:18-cv-00988   Document 233   Filed 05/25/23   Page 2 of 8 PageID #: 6644

previously produced the email files of two U.K. custodians from Priory, and represented to Plaintiffs that they were "willing to discuss the collection and production of documents from certain additional custodians and non-custodial sources at Priory …" (Doc. No. 107 at 22 (citing Ex. 23)).

Defendants responded in opposition, challenging the relevance of the requested discovery, and arguing that the discovery is not proportional to the needs of the case in light of the discovery already provided and the burdensome nature of international document production. (Doc. No. 115). As relevant to the instant motion for review, Defendants also asserted that the requested files are not subject to discovery under Federal Rule of Civil Procedure 34(a) because they are no longer in Acadia's "possession, custody, or control," due to Acadia having sold Priory in December 2020. (*Id*. at 23-26).

The Magistrate Judge granted Plaintiffs' motion to compel discovery. (*See* Order, Doc. No. 168). In reaching this decision, she found that the Priory documents are in the Defendants' control for purposes of Fed. R. Civ. P. 34. (*See* Order, Doc. No. 168). Defendants now seek review of the Magistrate Judge's Order, specifically the finding that they have control over the Priory files. (Doc. No. 171).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), a district court may "reconsider" a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is "clearly erroneous or contrary to law." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). "For mixed questions of law and fact, § 636(b)(1)(A) invoke[s] a sliding scale of review in which clear error and contrary to law represent the outer bounds." *Id*. at 221 (internal quotations omitted) ("The

more fact-intensive the question, the more deferential the level of review. The more law intensive the question, the less deferential the review.").

### III. ANALYSIS

Rule 34 of the Federal Rules of Civil Procedure ("Rule 34") provides that any party may serve on any other party a request to produce designated documents or electronically stored information that is "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). The parties agree that the requested documents, which are housed with Priory in the United Kingdom, are not currently in the possession or custody of Defendants. At issue is whether the documents are within Defendants' "control."

The Magistrate Judge determined Defendants had sufficient control over the Priory documents for purposes of Rule 34. In reaching this determination, the Magistrate Judge acknowledged that Priory is no longer a subsidiary of Acadia and that the Share Purchase Agreement purportedly does not grant Acadia the right to command release of the information sought. (Doc. No. 168 at 19). She concluded that Defendants actions during the litigation demonstrated that they are nevertheless "readily able to obtain documents from Priory" and therefore have control of the documents for purposes of Rule 34 based on their prior collection and production of Priory custodian's email and their representations during discovery negotiations indicating that they were willing to discuss the collection of documents from Priory custodians. (*Id*. at 20).

Defendants seek review of the order compelling them to collect and produce documents from Priory, specifically the finding that they have "control" over the documents. Defendants contend that the Magistrate Judge's finding of control is based on the wrong legal standard because the "[t]he Sixth Circuit has 'expressly adopted' the 'legal right' test for determining whether

4

information is within a party's control." (Doc. No. 172 at 6 (citing *In re Bankers Trust Company*, 61 F.3d 465 (6th Cir. 1995) ("*Bankers Trust*"))). According to Defendants, "under the 'legal right' test, a party may be considered to have control of documents that it does not actually possess only if the party 'has the legal right to obtain the documents.'" *Id*.

As an initial matter, the Court will note that Sixth Circuit authority regarding when a party is deemed to have "control" over documents for purposes of Rule 34 is limited. This is not surprising given that discovery matters are vested in the "sound discretion" of the district court. S*ee e.g., Pittman v. Experian Info. Sys.*, 901 F.3d 619, 642 (6th Cir. 2018) ("It is well established that the scope of discovery is within the sound discretion of the trial court.").

Defendants rely on two Sixth Circuit opinions – *Bankers Trust* and *Gen. Env't Sci. Corp. v. Horsfall*, 25 F.3d 1048, 1994 WL 228256, at *10 n.15 (6th Cir. 1994) (unpublished table decision).[1] The *Horsfall* footnote does not illuminate the Sixth Circuit's view on what constitutes "control" for purposes of Rule 34. *See Horsfall*, 1994 WL 228256, at *10 n.15. The footnote, which concerns the possible control over documents of a non-party to the appeal, is clearly dicta and, in any event, does not establish any particular standard of control, merely noting that whether the individual was able to "command production" of certain documents was "another matter." *Id*.

*Bankers Trust* sheds some light upon what is considered within a party's "possession, custody, or control" for purposes of Rule 34. The Court stated, "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody, or control' for purposes of Rule 34 if the party has *actual* possession, custody, or control, or has the legal right to obtain the

---

[1] Defendants do not directly rely upon the *Horsfall* footnote, except within a parenthetical citation to an unpublished district court decision. (*See* Doc. No. at 6 (citing *Keyes v. Cir. Playhouse, Inc*., No. 2:19-cv-02788(MSN)(ATC), 2021 WL 6752198 at *2 (W.D. Tenn. Nov. 4, 2021) (quoting *Gen. Env't Sci. Corp. v. Horsfall*, 25 F.3d 1048, 1994 WL 228256, at *10 n.15 (6th Cir. 1994) (unpublished table decision))).

5

documents on demand." 61 F.3d at 469 (emphasis in original). *Bankers Trust* did not further expound on what is meant by "control" because possession, not control, was at issue in that case. *See id.* (holding that "parties in possession of documents forwarded to them by a federal agency have 'possession, custody, or control' within the meaning of Rule 34, notwithstanding the fact that the agency by regulation retains ownership and restricts disclosure").

Importantly, *Bankers Trust* does not limit "control" to only that which a party has a legal right to obtain. To the contrary, the use of the conjunction "or" indicates that the "legal right" is in the alternative to "actual control" (assuming that "actual" modifies "possession," "custody," and "control" and not just "possession").

Considering the limited discussion of "control" in *Bankers Trust*, Defendants assertion that the decision "'expressly adopted' the 'legal right' test for determining whether information is within a party's control" is imprecise. Further, the suggestion that *Bankers Trust* adopted the "legal right" test to the exclusion of all other tests for control is inaccurate. Nothing in the *Bankers Trust* holding (which only concerns actual possession) or its statement of the law precludes a determination that a party has control of documents when it has the practical ability to obtain the documents. To be sure, some district courts within the Sixth Circuit have applied the "legal right" test; but courts with the Circuit have also found that "control" includes the practical ability to obtain documents from a third party. (*See* Doc. No. 168 at 16-17 (collecting cases applying both tests)).

Given the absence of controlling Sixth Circuit authority precluding use of the practical ability test to determine control for purposes of Rule 34, the Court finds the Magistrate Judge's application of that test was not clearly erroneous or contrary to law.

Defendants also argue that the Magistrate Judge improperly supported her finding that defendants have control over the requested Priory documents by citing cases involving corporate affiliate relationships. (*See* Doc. No. 172 at 9). True, as part of a comprehensive consideration of the law regarding what constitutes "control" under Rule 34, the Magistrate Judge cited cases not directly applicable to the circumstances here. This is not, however, cause to find her decision reflects an error of law. The cases involving subsidiary-parent corporate relationship are merely examples of when control has been found to exist over a third-party's documents.

The Magistrate Judge's finding of control was not based on a misapprehension of the current legal status of the relationship between Acadia and Priory. There is no question that the Magistrate Judge understands that Acadia and Priory are not currently affiliated. Although the finding of control was not based on a corporate parent-subsidiary relationship, the Magistrate Judge did note that Acadia and Priory had a formal corporate relationship for the first two years of this litigation and that during that time Acadia had an obligation to treat relevant documents and data within its custody or control as subject to "a continuing request for production." (*See* Doc. No. 169 at 19, n.6 (citing 15 U.S.C. § 78u-4(b)(3)(C)(i))). The Magistrate Judge also observed that, although the contract governing the sale of Priory did not grant Acadia the right to command discovery materials, it also did not deny Acadia the ability to obtain documents from Priory and that Acadia appeared to have the ability obtain documents from Priory. (*Id*. at 19-20). Indeed, the finding that Acadia has control over the requested Priory discovery materials was based primarily on a demonstration that Acadia had collected and produced email records of two Priory custodians and represented that it was willing to discuss collection and production from additional custodial and non-custodial sources at Priory. (*See id*. at 20).

## IV.  CONCLUSION

For the reasons stated, the Magistrate Judge's finding that the Priory documents are within Acadia's "possession, custody, or control" for purposes of Rule 34 is not clearly erroneous or contrary to law. Defendant does raise assertions of error with any other aspect of the Memorandum Order. Accordingly, the Magistrate Judge's Memorandum Order granting Plaintiff's Motion to Compel Discovery (Doc. No. 168) is **AFFIRMED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE