UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>            Defendants. | Civil Action No. 3:18-cv-00988<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Pursuant to Local Rules 5.03 and 7.01 and § 5.07 of Administrative Order No. 167-1, Defendants Acadia Healthcare Company, Inc. ("Acadia"), Deborah H. Jacobs, as Executor of the Estate of Joey A. Jacobs, Brent Turner, and David Duckworth (collectively, "Defendants") move the Court for leave to file under seal the unredacted version of the Parties' Joint Discovery Dispute Statement and the unredacted versions of Exhibit 3 and 4 attached thereto, as well as the entirety of Exhibits 1, 2, and 6–9 attached thereto (the "Documents"). Prior to filing this motion, Defendants conferred with Plaintiffs Chicago & Vicinity Laborers' District Council Pension Fund and New York Hotel Trades Counsel and Hotel Association of New York City, Inc. Pension Fund ("Plaintiffs"), and Plaintiffs do not oppose these Documents being filed under seal.

The Parties' Joint Discovery Dispute Statement concerns Plaintiffs' efforts to depose a non-party (the "Witness") who suffers from serious medical conditions. Given the nature of this dispute, the Joint Discovery Dispute Statement, as well as Exhibits 1–3 and 6–9 contain extensive discussions of sensitive details concerning the Witness's medical condition and identifying

information of a subject of confidential medical information.[1] The Sixth Circuit has long recognized the compelling interest in protecting the confidentiality of documents implicating the privacy rights of individuals. Consistent with this, courts consistently grant requests to seal documents containing private medical information in order to protect these privacy rights. This is especially true in the context of a non-party such as the Witness, whose only connection to this litigation is her former employment by Acadia. In contrast to this compelling interest in favor of sealing, the public's interest in these Documents is minimal. The Documents are only being filed in connection with a discovery dispute, not a dispute on the merits of this case. The public's interest in discovery disputes such as this is minimal. Given the extremely sensitive nature of the information in these Documents, as well as the public's minimal interest in this discovery dispute, the Court should allow these Documents to be filed under seal.

## ARGUMENT

This Court has broad discretion under Rule 26(c) of the Federal Rules of Civil Procedure to seal documents that contain confidential information. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, Inc., 723 F.2d 470, 474 (6th Cir. 1983). The Sixth Circuit has recognized that the general presumption in favor of public access to court records is subject to certain exceptions, including where "certain privacy rights of participants or third parties" are at stake. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983); *see also Shane Grp., Inc. v. Blue Cross Blue Shield*

---

[1] Exhibit 4 contains confidential health information of another witness that has been deposed by Plaintiffs. For the same reasons, this confidential health information should remain under seal.

*of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) (discussing the serious interest in protecting the privacy interests of innocent third parties)

      A.     **The Extremely Sensitive Nature Of The Documents Warrants Sealing.**

The sensitive nature of the Documents—which contain particularly personal and private medical information and identifying information concerning the Witness—justifies filing them under seal. The Sixth Circuit has made clear that information implicating the privacy rights of third parties is not subject to the ordinary presumption of openness in court records. *See Brown*, 710 F.2d at 1179. Based upon this principle, courts in the Sixth Circuit regularly find that documents containing sensitive, personal medical information should be filed under seal. *See, e.g.*, *Davis v. Massachusetts Mut. Life Ins. Co.*, No. CV 2:20-CV-843, 2022 WL 22658018, at *1 (S.D. Ohio Sept. 1, 2022) (allowing documents containing "personal medical information, including the outcome of certain testing" to be filed under seal); *Cox v. Little Clinic of Tennessee, LLC.*, No. 3:18-0679, 2019 WL 13259747, at *2 (M.D. Tenn. Dec. 17, 2019) (finding that "sealing of the protected medical information of third parties is appropriate"); *Thomas v. Nationwide Children's Hosp., Inc.*, No. 2:14-CV-1236, 2018 WL 1512908, at *6 (S.D. Ohio Mar. 27, 2018) (granting motion to seal confidential medical information due to the "confidentiality interest of third-parties as discussed by *Shane Group*"). This is because "[o]ne has a right to privacy in sensitive medical information, especially when that medical information is unrelated to the merits of the case." *In re Flint Water Cases*, No. 17-10164, 2020 WL 8881372, at *1 (E.D. Mich. Aug. 13, 2020) (granting request to seal portions of deposition transcript discussing "personal medical information" because "the interests in nondisclosure are compelling, and the interests supporting access are less so").

The Documents contain exactly this kind of sensitive, private information that should not be disclosed in the Court's public records. Exhibit 1 is a declaration providing sensitive details concerning a health issue of the Witness. Exhibit 2 is a letter from the Witness's treating medical

professional discussing the Witness's private, sensitive medical information. Exhibit 3 is a deposition transcript that has been redacted to protect the identity of a subject of confidential medical information. Exhibit 4 is a deposition transcript that contains a discussion of the private medical history of another non-party witness. Exhibits 6 through 9 are email chains and letters between counsel for the parties discussing the Witness's medical information. And, the Joint Discovery Dispute Statement extensively discusses this information, as well as the medical information of another non-party witness. Given the nature of these documents and the privacy rights they implicate, the Court should allow this information to be filed under seal. *See Brown*, 710 F.2d at 1179; *Davis*, 2022 WL 22658018, at *1; *Cox*, 2019 WL 13259747, at *2; *Flint Water Cases*, 2020 WL 8881372, at *1.

This is especially true given the Witness's status as a non-party. The Sixth Circuit has explained that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation" when resolving a sealing request. *Shane Grp.*, 825 F.3d at 308. This is a principle for courts "to take seriously." *Id.*. The potential harm to "third parties whose only involvement in the case is business dealings with the defendant is a sufficiently justifiable reason to seal." *Kentucky v. Marathon Petroleum Co.*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *7 (W.D. Ky. June 26, 2018); *see also Abraham, Inc. v. United States*, No. 2:18-CV-1306, 2020 WL 8816135, at *1 (S.D. Ohio Dec. 1, 2020) (the inclusion of the "confidential data of nonparties" was a compelling reason to allow sealing). The potential harm to the Witness—whose only connection to the case is that she was formerly employed by Acadia—provides sufficient reason to maintain these Documents under seal.

**B.  The Sensitive Nature of These Documents Outweighs The Minimal Public Interest In This Discovery Dispute.**

The significant interest in protecting the Witness's privacy outweighs the insignificant public interest in the Documents. The Documents are being filed only in connection with a discovery dispute, not a dispute concerning the merits of this action. The Sixth Circuit has emphasized the distinction between the "discovery and adjudicative" stages of a case and concluded that the public is only entitled to "assess for itself the merits of judicial decisions." *Shane Grp.*, 825 F.3d at 305. From this, courts in the Sixth Circuit recognize that the ordinary framework for assessing sealing requests does not apply in the context of a discovery dispute. *United States v. Sittenfeld*, No. 1:20-CR-142, 2021 WL 1438300, at *9 (S.D. Ohio Apr. 15, 2021) (explaining that the "strictures" of the ordinary framework for sealing. "do not, and should not, apply to discovery motions."); *see also Ciccio v. Smiledirectclub, LLC*, No. 3:19-CV-00845, 2021 WL 6496868, at *3 (M.D. Tenn. Nov. 11, 2021) ("[N]on-dispositive discovery motions" are of a "completely different character" than disputes concerning the merits of a case.").

This is especially true in the context of medical information. Courts in this District and elsewhere in the Sixth Circuit have permitted the sealing of medical information where such documents were not relied upon in resolving substantive issues in the case. *See Elliott v. Genovese*, No. 3:17-CV-00250, 2019 WL 144185, at *4 (M.D. Tenn. Jan. 9, 2019) (allowing medical information to remain under seal because "the court cannot discern any public interest in the disclosure of the information contained in these records, as the court did not rely on this information in deciding the Rule 60 motion"); *Coone v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, No. 1:16-CV-481, 2017 WL 9476831, at *3 (E.D. Tenn. Dec. 20, 2017) (sealing documents with patient's identity and health information because the patient has "important privacy rights" and because such information has "no substantive bearing on the decisions to be made in this case").

The fact that the Documents are being filed only in connection with a discovery dispute further supporting sealing. *See In re Envision Healthcare Corp. Sec. Litig.*, No. 3:17-CV-01112, 2021 WL 4391622, at *2 (M.D. Tenn. Sept. 24, 2021) (granting motion to seal documents in discovery dispute because they "would not be in the court record but for the parties' discovery dispute"); *Ciccio*, 2021 WL 6496868, at *3 (refusing to unseal documents relating to a discovery dispute).

### C. Defendants Have Narrowly Tailored Their Requests To Seal.

Finally, Defendants' request to file these Documents under seal is narrowly tailored to balance the interests discussed above. Defendants do not request that the entirety of the Joint Discovery Dispute Statement or all exhibits be filed under seal. Defendants only request that Exhibits 1, 2 and 6–9 be filed entirely under seal because of their extensive discussion of the Witness's private, sensitive medical information, and that the Joint Discovery Dispute Statement and Exhibits 3 and 4 be filed with redactions. Granting Defendants' sealing request to protect such information will not unduly impinge on the public's minimal interest in the Court's records.

### CONCLUSION

For these reasons, Defendants respectfully request that the Court maintain under seal the unredacted version of the Joint Dispute Discovery Dispute Statement and Exhibits 3 and 4, and that Exhibits 1, 2, and 6–9 of the Joint Discovery Dispute Statement be maintained under seal.

Dated: November 19, 2024

Respectfully submitted,

*/s/ Steven A. Riley*

Steven A. Riley (BPR # 006258)
Milton S. McGee, III (BPR # 024150)
Elizabeth O. Gonser (BPR # 026329)
**RILEY & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700

sriley@rjfirm.com
tmcgee@rjfirm.com
egonser@rjfirm.com

Jessica P. Corley (*pro hac vice*)
Lisa R. Bugni (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Ronni D. Solomon (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309
(404) 572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@kslaw.com
rsolomon@kslaw.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this November 19, 2024, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christopher M. Wood
ROBBINS GELLER RUDMAN & DOWD LLP
414 Union Street
Suite 900
Nashville, TN 37219
(615) 244-2203
cwood@rgrdlaw.com

Danielle S. Myers
Darryl J. Alvarado
J. Marco Janoski Gray
Ting H. Liu
Timothy Alexander Benwa Folkerth
Henry Bator
ROBBINS GELLER RUDMAN & DOWD LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
danim@rgrdlaw.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com
hbator@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
Fax: (615) 252-3798
jmartin@barrettjohnston.com

Michael Bauman
PITTA LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3890
Fax: (212) 652-3891
mbauman@pittalaw.com

Justin J. Lannoye
DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH LLP
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361
Fax: (312) 372-6599
jlannoye@laboradvocates.com

*/s/ Steven A. Riley*