UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>Defendants. | Civil Action No. 3:18-cv-00988<br><br>CLASS ACTION<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern<br><br>JOINT MOTION FOR EXEMPTION FROM LOCAL RULE 39.01(c)(5)(E) EXPERT STATEMENT REQUIREMENT |

Plaintiffs and Defendants (collectively, the "Parties"),[1] respectfully submit this joint motion to request exemption from the requirement of Local Rule 39.01(c)(5)(E) that the direct testimony of expert witnesses be reduced to writing and read to the jury rather than presented in traditional direct testimony format. *See* ECF 297 at 3. Due to the number of experts and the complex subject matter of their testimony, the Parties believe that examination of witnesses in the traditional question-and-answer format would serve to expedite the trial of this matter. *See, e.g.*, *Tenn. Conf. of the NAACP v. Lee*, Civil No. 3:20-cv-01039, ECF 331 (M.D. Tenn. Jan. 21, 2025); *Pacheco v. Johnson*, Civil No. 3:11-cv-00221, ECF 225 (M.D. Tenn. Sept. 21, 2016); *Lee v. Metro. Gov't of Nashville and Davidson Cnty.*, Civil No. 3:06-0108, ECF 476 (M.D. Tenn. Mar. 27, 2009).

Pursuant to Local Rule 39.01(c)(5)(E) and the Court's Order setting the case for trial, currently the testimony of expert witnesses must be reduced to writing and read to the jury in the

---

[1] "Plaintiffs" are Lead Plaintiffs Chicago & Vicinity Laborers' District Council Pension Fund and New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund. "Defendants" are Acadia Healthcare Company, Inc., Deborah H. Jacobs, as Executor of the Estate of Joey A. Jacobs, Brent Turner, and David Duckworth.

- 1 -

form of an expert statement. After that statement is read by the expert witness, the attorney who called the witness "may ask additional questions to further explain his opinion." The expert witness, however, may not offer any opinions not contained in his written statement. *See* L.R. 39.01(c)(5)(E).

While the Parties recognize the potential benefits of this Local Rule in expediting presentations of expert proof, in the present case the nature, scope, and complexity of expert testimony to be presented would be better presented in the typical question-and-answer format of direct testimony. Presenting the testimony in this format would allow explanation of the more complex portions of the experts' opinions as their testimony is developed and would avoid the revisiting of numerous topics through questions asked at the conclusion of the expert witness statement. As a result, the traditional method of direct examination is likely to allow the trial to proceed as efficiently as possible.

Furthermore, an exemption from Local Rule 39.01(c)(5)(E) in this case would allow the evidence to be presented to the jury in the most understandable manner possible. The topics for expert testimony in this case include financial economics, accounting and financial planning, forensic analytics, and statistical analyses of behavioral healthcare quality-of-care metrics. These are technical and complex topics to explain to the jury. The Parties' experts' ability to present and explain their opinions on these topics to the jury will be enhanced through the use of traditional question-and-answer direct examination, and the potential for confusing the jury will be decreased. Moreover, the Parties do not anticipate that any exemption from the expert statement requirement of Local Rule 39.01(c)(5)(E) will lengthen the trial of this matter, as the expert witnesses have already produced reports and certain of them sat for depositions concerning the scope of their opinions, and will of course not expand beyond the previously-defined scope of their opinions as set forth in their written reports at trial.

For the foregoing reasons, the Parties respectfully move the Court to grant them an exemption from the expert witness statement requirement of Local Rule 39.01(c)(5)(E).

DATED: August 4, 2025
ROBBINS GELLER RUDMAN & DOWD LLP
JERRY E. MARTIN, #20193
CHRISTOPHER M. WOOD, #032977

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
615/252-3798 (fax)
jmartin@rgrdlaw.com
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DARREN J. ROBBINS
SAM S. SHELDON (admitted *pro hac vice*)
DARRYL J. ALVARADO (admitted *pro hac vice*)
J. MARCO JANOSKI GRAY (admitted *pro hac vice*)
TING H. LIU (admitted *pro hac vice*)
T. ALEX B. FOLKERTH (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
ssheldon@rgrdlaw.com
dalvarado@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com

Class Counsel

- 3 -
4911-3916-6041.v1
Case 3:18-cv-00988   Document 377   Filed 08/04/25   Page 3 of 5 PageID #: 14322

DOWD, BLOCH, BENNETT, CERVONE,
  AUERBACH & YOKICH
JUSTIN J. LANNOYE
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
Telephone: 312/372-1361
312/372-6599 (fax)
jlannoye@laboradvocates.com

Counsel for Chicago & Vicinity Laborers' District Council Pension Fund

PITTA LLP
MICHAEL BAUMAN
120 Broadway, 28th Floor
New York, NY 10271
Telephone: 212/652-3890
212/652-3891 (fax)
mbauman@pittalaw.com

Counsel for New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund

DATED: August 4, 2025

KING & SPALDING LLP
JESSICA P. CORLEY (*pro hac vice*)
LISA R. BUGNI (*pro hac vice*)
BRANDON R. KEEL (*pro hac vice*)


    s/ Lisa R. Bugni (with permission)
--------------------------------------------
            LISA R. BUGNI

1180 Peachtree Street N.E.
Atlanta, GA 30309
Telephone: 404/572-4600
jpcorley@kslaw.com
lbugni@kslaw.com
bkeel@kslaw.com

- 4 -

RILEY & JACOBSON, PLC
STEVEN A. RILEY (BPR # 006258)
MILTON S. MCGEE, III (BPR # 024150)
1906 West End Avenue
Nashville, TN 37203
Telephone: 615/320-3700
sriley@rjfirm.com
tmcgee@rjfirm.com

Counsel for Defendants