UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>Defendants. | Case No. 3:18-cv-00988<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Before the Court are motions by nonparties Castalian Partners LLP and Castalian Partners Value Fund LP (collectively, Castalian), those entities' principal and manager, James Gibson, and nonparty Aurelius[1] to quash in full or in part two subpoenas served on Gibson and the Financial Industry Regulatory Authority, Inc. (FINRA) by Defendants Acadia Healthcare Company, Inc., Brent Turner, David Duckworth, and Deborah H. Jacobs (collectively, the Defendants). (Doc. Nos. 266, 268.) In support of their motions, Castalian and Aurelius filed supporting memoranda of law (Doc. Nos. 267, 269), to which the Defendants filed a joint response in opposition (Doc. No. 270). Castalian and Aurelius filed optional replies. (Doc. Nos. 271, 272.)

The first subpoena is addressed to FINRA and seeks production of documents (1) "sufficient to show all trades in Acadia securities by Penn Little or Bar Nothin'" and (2) "to show all trades in Acadia securities by James Gibson, Castalian Partners, Castalian Partners Value Fund,

---

[1] Aurelius is identified as "an anonymous internet user who writes an online blog about investments." (Doc. No. 210, PageID# 6416.)

or Aurelius Value" from January 1, 2014, through December 31, 2020. (Doc. No. 267-2.) The subpoena directs that the production shall be made "via electronic data-sharing website" or on an electronic data storage device. (*Id.*) The second subpoena is for Gibson's deposition. (Doc. No. 267-2.) Castalian move to quash production of the second category of documents from FINRA and Gibson's deposition. (Doc. No. 267.) Aurelius only moves to quash or for a protective order to prevent Gibson's deposition. (Doc. No. 269.)

**I.     Legal Standard**

Federal Rule of Civil Procedure 45 provides a mechanism for parties to an action to obtain discovery, including production of documents and deposition testimony, from a nonparty. *See* Fed. R. Civ. P. 30(a)(1) (providing that a "deponent's attendance [at a deposition] may be compelled by subpoena under Rule 45"); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). A subpoena under Rule 45 "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, the subpoena power is limited as to the place of compliance; that is, a subpoena can only require a person to attend a deposition or produce documents within 100 miles of where that person lives, works, or regularly transacts business in person. Fed. R. Civ. P. 45(c).

**II.     Analysis**

Castalian and Aurelius argue generally that the subpoenas are the Defendants' attempt to circumvent this Court's earlier decision to deny the Defendants' motion to compel responses to four subpoenas previously issued to these nonparties. (Doc. Nos. 249, 267, 269.) In its March 28, 2024 order, the Court denied Defendants' motion to compel Castalian to produce documents and provide deposition testimony pursuant to Defendants' subpoenas related to its trade in Acadia securities and articles published by Aurelius, among other topics. (Doc. No. 249.) Plaintiffs opposed Defendants' motion to compel and Plaintiffs and Aurelius sought protective orders

2

prohibiting discovery into Aurelius's identity. Defendants argue that they have new information to support the relevance of the information targeted by the subpoenas to the claims and defenses in this case—including information they assert identifies Gibson as Aurelius—and that the discovery sought by these subpoenas is more precisely targeted than that addressed by the Court's prior order.

Defendants also assert a threshold issue not raised by Plaintiffs in their opposition to Defendants' motion to compel. Defendants argue that this Court lacks authority under Rule 45 to grant Castalian's and Aurelius's motions to quash because FINRA's compliance is requested in Wilmington, Delaware, and Gibson is asked to appear for a deposition in Eden Prairie, Minnesota—rendering the place of compliance for both subpoenas outside the Middle District of Tennessee. Neither Castalian nor Aurelius has addressed this issue.

A person seeking to challenge a subpoena can do so by filing a motion to quash under Rule 45(d)(3) in "the court for the district where compliance is required ...." Fed. R. Civ. P. 45(d)(3)(A). Rule 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). After such a motion has been transferred, the court that issued the subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Rule 45 establishes that the "place of compliance" for a subpoena seeking "production of documents, electronically stored information, or tangible things" is "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(2)(A). The party serving a subpoena may move to compel production in "the court for the

3
Case 3:18-cv-00988   Document 417   Filed 09/26/25   Page 3 of 5 PageID #: 16562

district where compliance is required . . . ." Fed. R. Civ. P. 45(d)(2)(B)(i); Fed. R. Civ. P. 37(a)(2) ("A motion for an order to [compel discovery from] a nonparty must be made in the court where the discovery is or will be taken."). Similarly, a party seeking to quash a subpoena may do so "[o]n timely motion" filed in "the court for the district where compliance is required . . . ." Fed. R. Civ. P. 45(d)(3)(A). "When the court where compliance is required did not issue the subpoena, it may transfer a motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The burden of demonstrating exceptional circumstances falls to the party seeking transfer. Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. "The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." *Id.* Circumstances warranting transfer may include avoiding disrupting the management of the underlying litigation or when the issuing court has already ruled on the issues raised. *Id.* "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

The Middle District of Tennessee is not the district in which compliance with either subpoena is required. Accordingly, under Rule 45(d), the motions to quash and for a protective order are not properly filed in this Court. And Castilian and Aurelius offer no argument as to why the Court should deviate from the Rule's direction in this Case.

4

Case 3:18-cv-00988    Document 417    Filed 09/26/25    Page 4 of 5 PageID #: 16563

Accordingly, Castalian's and Aurelius's motions (Doc. Nos. 266, 268) are DENIED WITHOUT PREJUDICE to refiling in accordance with Rule 45(d).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge