IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similar, | ) ) ) ) |
| Plaintiff, | ) ) NO. 3:18-cv-00988 |
| v. | ) ) JUDGE CAMPBELL ) MAGISTRATE JUDGE NEWBERN |
| ACADIA HEALTHCARE COMPANY, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Defendant's Motion *in Limine* No. 2 to Exclude Evidence or Argument Regarding Purported Scheme Liability (Doc. No. 447) is **DENIED**. Through the motion, Defendants argue the Court should bar Plaintiffs from presenting evidence or argument in support of their scheme liability claim at trial because the Amended Complaint fails to allege a "viable scheme claim." Defendants' foregoing argument does not seek resolution of a discrete evidentiary issue but rather seeks to exclude a substantive claim from going to the jury on the basis that the Amended Complaint fails to state such a claim.

The time for challenging the sufficiency of the allegations passed several *years* ago, and Defendants filed a motion to dismiss, just not as to the scheme liability claim. (*See* Memorandum, Doc. No. 54 at 5 n.1 ("In their Reply, Defendants raised new arguments challenging the sufficiency of Plaintiffs' scheme liability allegations. (*See* Doc. No. 50 at 2-3). Defendants did not raise or articulate any arguments specific to the scheme liability allegations in their opening brief, (*see* Doc. No. 41), and the Court declines to consider arguments raised for the first time in their Reply in ruling on the pending motion to dismiss.")).

Nor did Defendants move for summary judgment on the scheme liability claim as not "viable" – instead Defendants moved for summary judgment "on Plaintiffs' entire Section 10(b) claim, irrespective of whether Plaintiffs refer to it as a 'scheme' claim under Rule 10b-5(a)/(c) or a misrepresentation under Rule 10b-5(b)." (*See* Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, Doc. No. 349 at 4).

Thus, Defendants have had: (1) notice of Plaintiffs' scheme liability claim since at least August 2019 (when they argued for dismissal of the scheme liability claim in their reply in support of their motion to dismiss) and (2) ample opportunity over the past six years to discover the parameters of Plaintiffs' scheme liability claim and move for its dismissal through a dispositive motion. Defendants' failure to do so is not a valid reason for the Court to grant the present motion.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE