IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similar,<br><br>    Plaintiff,<br><br>v.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>    Defendants. | NO. 3:18-cv-00988<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE NEWBERN |

## ORDER

This case is set for trial on November 18, 2025. Pending before the Court are the parties' motions *in limine* (Doc. Nos. 445, 450, 453, 459, 456, 462, 465, 468, 470, 472, 483). In advance of the pretrial conference, the Court issues the following rulings:

    1.    Defendants' Motion in Limine No. 1 to Exclude Evidence or Argument of Alleged Spoliation and Document Retention Policies (Doc. No. 445) is **DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial. *See Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) ("Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose…. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.") (citations omitted); *see also Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise.").

2. Defendants' Motion in Limine No. 3 to Exclude Testimony or Argument Concerning Unalleged Purported Accounting Improprieties (Doc. No. 450) is **DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial.

3. Defendants' Motion in Limine No. 4 to Exclude Deposition Testimony of Katherine Wood (Doc. No. 453) is **DENIED**. The Court will consider objections to the testimony of Ms. Wood as they arise during trial. However, Counsel should ask to approach before soliciting any evidence described in Defendants' Motion in Limine No. 4.

4. Defendants' Motion in Limine No. 5 to Exclude Cary Matos's Deposition Testimony from Prior, Unrelated Actions (Doc. No. 456) is **DENIED**.

5. Defendants' Motion in Limine No. 6 to Exclude Evidence or Argument Related to the Departures of Defendants Jacobs and Turner (Doc. No. 459) is **DENIED**.

6. Defendants' Motion in Limine No. 7 to Exclude Evidence or Argument Related to Individual Patient Incidents and Complaints (Doc. No. 462) is **DENIED**.

7. Defendants' Motion in Limine No. 8 to Preclude Plaintiffs' Use of Media Articles as Evidence of their Claims (Doc. No. 465) is **DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial.

8. Defendants' Motion in Limine No. 9 to Exclude Testimony from Jamie Thompson, Sari Abromovich, and Ivan Mazzorana (Doc. No. 468) is **DENIED** as to Sari Abromovich and Ivan Mazzorana. The Court will take up this motion solely as to Jamie Thompson at the pretrial conference.

9. Defendants' Motion in Limine No. 10 to Exclude Evidence and Argument Regarding the Stock Sales of Reeve Waud and Waud-Affiliated Entities (Doc. No. 470) is

**DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial.

10. Defendants' Motion in Limine No. 11 Concerning the Use of Deposition Testimony (Doc. No. 472) is **DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial.

11. Plaintiffs' Motion in Limine No. 1: Exclusion of Evidence or Argument Related to Individualized – as Opposed to Class-wide – Issues, Including Calling Representatives or Their Investment Managers as Witness at Trial (Doc. No. 483) is **DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial.

12. Plaintiffs' Motion in Limine No. 2: Exclusion of Evidence or Argument not Identified in Defendants' Sworn Interrogatory Responses Concerning the Basis for Their FY 2017 Guidance and U.K. Statements (Doc. No. 483) is **DENIED**. Defendants timely objected to the scope of the interrogatory at issue and to the extent Plaintiffs found Defendants' response deficient, they did not challenge the sufficiency during discovery or otherwise. Plaintiffs' failure to resolve this discovery dispute before now is not a valid basis to grant the present motion.

13. Plaintiffs' Motion in Limine No. 3: Exclusion of Evidence or Argument Regarding the Authors of the Aurelius Value Article and Video or the Seeking Alpha Article Extraneous to the Disclosures Themselves (Doc. No. 483) is **DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial.

14. Plaintiffs' Motion in Limine No. 4: Exclusion of Evidence or Argument Regarding Involvement of Counsel or Other Professionals (Doc. No. 483) is **DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial.

15. Plaintiffs' Motion in Limine No. 5: Exclusion of Evidence or Argument Relating to Defendants' "Good Acts" (Doc. No. 483) is **DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial.

16. Plaintiffs' Motion in Limine No. 6: Exclusion of Evidence of Argument Regarding the Lack of a Financial Restatement (Doc. No. 483) is **DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial.

17. Plaintiffs' Motion in Limine No. 7: Exclusion of Evidence or Argument Regarding *Tivity* Opinions (Doc. No. 483) is **DENIED**. The Court will consider objections to the introduction of such evidence as they arise during trial.

18. Plaintiffs' Motion in Limine No. 8: Allowing Plaintiffs to Question Current and Former Acadia Employees "Identified With" Defendants Using Leading Questions (Doc. No. 483) is **DENIED**. The Court will consider such requests during trial.

Because a ruling on a motion *in limine* is "subject to change as the case unfolds," these rulings constitute preliminary determinations in preparation for trial. *See Jackson v. O'Reilly Auto. Stores, Inc.*, 131 F. Supp. 3d 756, 758 (M.D. Tenn. 2015) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984); *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir.1994)).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE