UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>Defendants. | Civil Action No. 3:18-cv-00988<br><br>CLASS ACTION<br><br>Chief District Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, an action is pending before this Court entitled *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc., et al.*, Civil Action No. 3:18-cv-00988 (M.D. Tenn.) (the "Litigation");

WHEREAS, Chicago & Vicinity Laborers' District Council Pension Fund and New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund have been appointed Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP has been appointed Lead Counsel;

WHEREAS, on September 30, 2022, the Court certified the Litigation to proceed as a class action on behalf of the following class (the "Class"):

> All Persons who purchased or otherwise acquired Acadia Healthcare Company, Inc. ("Acadia") common stock between April 30, 2014, and November 15, 2018, inclusive. Excluded from the Class are: Defendants, and members of their immediate families, any entity of which a Defendant has a controlling interest, and the legal representatives, heirs, predecessors, successors, or assigns of any excluded party.

WHEREAS, notice of pendency of the Litigation was provided to Class Members in September 2025 (the "Notice of Pendency"), and Class Members were afforded an opportunity to seek exclusion, which has since expired;

WHEREAS, only one request for exclusion was submitted by an individual who indicated they did not transact in Acadia common stock during the Class Period (ECF 491);

WHEREAS, Lead Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation of Settlement between Lead Plaintiffs and Defendants, dated November 24, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation ("Settlement") and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having been presented with the Stipulation for review on Lead Plaintiffs' unopposed motion and having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Stipulation does not provide for a further opportunity for Class Members to seek exclusion; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. After a preliminary review, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (i) resulted from arm's-length negotiations overseen by an experienced mediator; (ii) eliminates the risks to the Settling Parties of continued litigation; (iii) does not provide undue preferential treatment to Lead Plaintiffs or to segments of the Class; (iv) does not provide excessive compensation to counsel for the Class; and (v) appears to fall within the range

of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class. Accordingly, the Court does hereby preliminarily approve the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2026, at _:__ _.m. [a date that is at least 100 days from the date of this Order], at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203, for the following purposes:

(a) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to finally determine whether Judgment as provided in the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Plaintiffs' Claims or Released Defendants' Claims extinguished by the Settlement;

(c) to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d) to consider the application of Lead Counsel for an award of attorneys' fees and expenses, including awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4);

(e) to consider any Class Member's objections to the Settlement, Plan of Allocation, or application for fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

3.     The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 of the Federal Rules of Civil Procedure and due process of law.  The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

4.     The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice, and the Postcard Notice, annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the distribution of the Postcard Notice by email or regular mail (where an email address is unavailable) and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-8 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.     Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which have or shall be paid as set forth in the Stipulation, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

6.     The firm of Verita Global ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

7.     Lead Counsel, through the Claims Administrator, shall commence emailing or mailing (where an email address is unavailable) the Postcard Notice, substantially in the form annexed hereto, within fifteen (15) calendar days after the Court signs this Order (the "Notice Date"), by email or by first-class mail to all Class Members who can be identified with reasonable effort.  Contemporaneously with the emailing or mailing of the Postcard Notice, the Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms attached hereto, to be posted on the Settlement website at www.AcadiaHealthcareSecuritiesLitigation.com, from which copies of the documents can be downloaded.

8.     Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

9.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

10.     Nominees who purchased or acquired Acadia common stock for the beneficial ownership of Class Members during the Class Period shall: (i) within seven (7) calendar days of receipt of the Postcard Notice request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those documents forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses, including

email addresses where available, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail (where an email is unavailable) the Postcard Notice to such beneficial owners. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email address is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

11.     Any Postcard Notice provided by a third-party must include a link to the website www.AcadiaHealthcareSecuritiesLitigation.com as well as contact information for the Claims Administrator.

12.     In order to be entitled to participate in the recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of their current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such Claim is valid, deficient, or rejected.  For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

13.     Any Class Member who does not submit a valid Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late Claims.

14.     Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

15.     All Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable.  Pursuant to the Court's Order dated September 9, 2025 (ECF 408), a Class Member wishing to be excluded from the Class had to submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or

otherwise hand-deliver it, such that it was postmarked no later than October 24, 2025, to the address listed in the Notice of Pendency. One Person sought exclusion from the Class, although they are not a Member of the Class. The Court has determined that no further exclusion opportunity is necessary or appropriate in connection with the Settlement. Any Class Member who did not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation and the Judgment, if entered.

16. The Court will consider comments or objections to the Settlement or the Stipulation that comprises the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), only if such comments or objections and any supporting papers are delivered by hand or sent by First-Class Mail such that they are received, not simply postmarked, on or before twenty-one (21) calendar days prior to the Settlement Hearing, by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; and King & Spalding LLP, Lisa R. Bugni, 50 California Street, Suite 3300, San Francisco, CA 94111, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203 on or before twenty-one (21) calendar days prior to the Settlement Hearing. Attendance at the Settlement Hearing is not necessary, but any Person wishing to be heard orally in opposition to the Settlement (in whole or in part), the Plan of Allocation, or the application for attorneys' fees and expenses is required to indicate in their written objection whether they intend to appear at the Settlement Hearing. The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the date(s), price(s), and number of shares of Acadia common stock purchased, acquired, held, or sold between April 30, 2014, and November 15, 2018,

inclusive; and a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  The objection must identify all other class action settlements the objector and his, her, or its counsel has previously objected to, copies of any papers, briefs, or other documents upon which the objection is based, and contain the objector's signature, even if represented by counsel.  Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees, expenses to Lead Counsel or awards to Lead Plaintiffs unless otherwise ordered by the Court.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

17.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and awards to Lead Plaintiffs shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 2026.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 2026.

19.     The Released Defendant Parties shall have no responsibility, interest in, or liability whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any

application for attorneys' fees or expenses, or awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation.

20.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

21.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

22.     Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other action, or of any liability, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Releasing Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Plaintiff Parties that any of their

claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or the damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasing Plaintiff Parties or Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Defendant Parties, the Releasing Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement. The Released Defendant Parties, the Releasing Plaintiff Parties, and each of their counsel may file the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23. If the Settlement set forth in the Stipulation is not approved or consummated for any reason whatsoever (in whole or in part), the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in the Stipulation.

24. Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiffs, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall institute, commence, or prosecute against any of

the Settling Parties, any action or proceeding in any court, tribunal, or other forum asserting any of the Released Plaintiffs' Claims.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:18-cv-00988 |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | Chief District Judge William L. Campbell, Jr. |
| vs. | ) ) | Magistrate Judge Alistair E. Newbern |
| ACADIA HEALTHCARE COMPANY, INC., et al., | ) ) ) | NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |
| Defendants. | ) ) ) | EXHIBIT 1 |
| | ) | |

**TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED ACADIA HEALTHCARE COMPANY, INC. ("ACADIA" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD FROM APRIL 30, 2014, THROUGH AND INCLUDING NOVEMBER 15, 2018, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2026**.

THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.

THIS NOTICE IS DIFFERENT FROM THE ONE YOU PREVIOUSLY RECEIVED ADVISING YOU OF THE PENDENCY OF THIS LITIGATION.

This Notice of Proposed Settlement of Class Action ("Notice") has been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Tennessee (the "Court").  The purpose of this Notice is to inform you of the proposed $179,000,000 settlement of the Litigation (the "Settlement") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and

- 1 -

adequacy of the Settlement, as set forth in the Stipulation of Settlement dated November 24, 2025 (the "Stipulation"), by and between Lead Plaintiffs Chicago & Vicinity Laborers' District Council Pension Fund and the New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund ("Plaintiffs"), on behalf of themselves and the Class (as defined below), on the one hand, and Defendants Acadia, Deborah H. Jacobs, as Executor of the Estate of Joey A. Jacobs, Brent Turner, and David Duckworth ("Defendants"), on the other hand.  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  **Proofs of Claim must be postmarked or submitted online on or before _____, 2026.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  **Objections must be *received* by the Court and counsel on or before _____, 2026.  If you submit a written objection, you may (but do not have to) attend the hearing.  You must still submit a Proof of Claim in order to be potentially eligible to receive any money from the Net Settlement Fund.** |
| **GO TO THE HEARING ON _____, 2026, AT ___ _.M.** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be *received* by the Court and counsel on or before _____, 2026.** |
| **DO NOTHING** | Receive no payment. |

**SUMMARY OF THIS NOTICE**

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $179 million settlement fund has been established.  Based on Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $2.03 before deduction of any taxes on the income earned on the

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.AcadiaHealthcareSecuritiesLitigation.com.

Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. ***Class Members should note, however, that this is only an estimate***. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. *See* Plan of Allocation set forth and discussed at pages [x] below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Acadia common stock were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of Acadia common stock were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Acadia common stock at various times during the Class Period; (6) the extent to which external factors influenced the prices of Acadia common stock at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Acadia common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Acadia common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount, plus expenses not to exceed $5,500,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Acadia common share will be approximately $1.29. In addition, Plaintiffs may seek payment for their time and expenses incurred in representing the Class.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-888-777-6014, or visit the website www.AcadiaHealthcareSecuritiesLitigation.com.

4929-7673-7146.v2

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

### Reasons for the Settlement

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | What is the purpose of this Notice? |
|---|---|

This Notice was prepared and is being made available to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Acadia common stock during the period from April 30, 2014, through and including November 15, 2018 (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Middle District of Tennessee, and the case is known as *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc., et al.*, Civil Action No. 3:18-cv-00988. The case has been assigned to the Honorable William L. Campbell, Jr. The entities representing the Class are the "Plaintiffs," and the company and individuals they sued and who have now settled are called the "Defendants."

| 2. | What is this lawsuit about? |
|---|---|

This is a securities class action against Defendants for alleged violations of the federal securities laws during the Class Period. On January 9, 2019, the Court appointed Chicago & Vicinity Laborers' District Council Pension Fund and the New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund as the Lead Plaintiffs and appointed Robbins Geller Rudman & Dowd LLP as Lead Counsel. The Consolidated Complaint (the "Complaint") was filed on April 1, 2019. The Complaint alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934. More specifically, Plaintiffs allege that throughout the Class

Period (April 30, 2014 through November 15, 2018, inclusive), Defendants made materially false or misleading statements and omissions and engaged in a scheme to defraud during the Class Period concerning: (i) the quality of care and adequacy of staffing at Acadia's facilities and Acadia's compliance with applicable laws and regulations; and (ii) Acadia's expected financial performance for its operations in the United Kingdom. The Complaint further alleges that as a result of the alleged fraud, Acadia common stock traded at artificially inflated prices during the Class Period.

Defendants moved to dismiss the Complaint on May 31, 2019. On January 20, 2021, the Court denied Defendants' motion to dismiss. Thereafter, on February 19, 2021, Defendants filed an Answer denying all material allegations of the Complaint and asserting multiple defenses. Specifically, Defendants contend that they made no materially false or misleading statements, and that they disclosed all information required to be disclosed by the federal securities laws. Defendants also contend that Acadia's stock price declined for reasons other than the alleged corrective disclosures of the alleged false or misleading statements.

On February 1, 2022, Plaintiffs filed a renewed motion for class certification, which the Defendants opposed on March 1, 2022. On September 30, 2022, the Court issued a Memorandum Opinion and accompanying order granting the motion in its entirety and certifying the Class as defined above. On October 14, 2022, Defendants filed a Petition in the Sixth Circuit Court of Appeals for Permission to File an Appeal of the Court's class certification order pursuant to Federal Rule of Civil Procedure 23(f). Plaintiffs filed their opposition on October 24, 2022, and Defendants filed their reply on October 31, 2022. On May 23, 2023, the Sixth Circuit denied Defendants' petition for permission to appeal.

The parties conducted extensive fact and expert discovery and litigated a number of discovery disputes. In all, Defendants and third parties produced over 2 million pages of documents, and the parties took more than 40 fact and expert depositions.

On January 28, 2022, Plaintiffs moved the Court for an order compelling Defendants to collect, search, and produce documents from Acadia's U.K.-based behavioral health company – Priory – which Defendants opposed on February 10, 2022. On February 16, 2022, Plaintiffs filed their reply. On September 7, 2022, the Court granted Plaintiffs' motion to compel and ordered Defendants to collect and produce discovery from Priory. On September 21, 2022, Defendants filed a motion for review and asked Judge Campbell to reverse the order granting Plaintiffs' motion to compel. On October 5, 2022, Plaintiffs filed their opposition. On October 12, 2022, Defendants filed their reply. On May 25, 2023, the Court denied Defendants' motion for review and affirmed the Magistrate Judge's Order granting Plaintiffs' motion to compel.

On April 28, 2025, Plaintiffs filed a Motion for Partial Summary Judgment on the issue of reliance. On May 19, 2025, Defendants filed their opposition, and Plaintiffs filed their reply on May 27, 2025. On October 16, 2025, the Court granted Plaintiffs' motion and held that at trial: (1) the jury will not be instructed on the element of reliance; and (2) Plaintiffs need not put on proof positive of reliance, as to themselves or the class, on any misstatements or omissions that they show to be material.

On July 14, 2025, Defendants filed their Motion for Summary Judgment on the grounds that: (1) the Private Securities Litigation Reform Act ("PSLRA") safe harbor bars Plaintiffs' claims based on projected earnings at Acadia's U.K. division in 2017; and (2) Plaintiffs lack evidence of loss causation and damages. On August 11, 2025, Plaintiffs filed their opposition. On August 19, 2025, Defendants filed their reply. On October 16, 2025, the Court denied Defendants' motion for summary judgment.

On September 5, 2025, Plaintiffs filed a motion to bifurcate trial, which Defendants opposed on September 19, 2025. On September 26, 2025, Plaintiffs filed their reply. On November 6, 2025, the Court granted Plaintiffs' motion and ordered that the trial be bifurcated, with Phase One focusing solely on class-wide issues concerning liability and damages; and, if necessary, a Phase Two addressing issues specific to individual class members.

Prior to trial, Plaintiffs and Defendants each filed four motions to exclude the testimony and opinions of experts. By November 7, 2025, when the parties filed the notice of settlement, the Court had denied two of Defendants' motions to exclude Plaintiffs' expert witnesses. The remaining motions to exclude were terminated pursuant to the Court's November 7, 2025 Order.

On September 19, 2025, notice of pendency of the Litigation was provided to the Class.

Most recently, the parties engaged in trial preparations in advance of the scheduled November 18, 2025 trial. Meanwhile, the parties engaged in arm's-length settlement negotiations. On November 7, 2025, the parties reached an agreement to resolve the Litigation, and on November 24, 2025, executed a settlement agreement memorializing their agreement. The agreement included, among other things, the parties' agreement to settle the Litigation in return for a cash payment of $179,000,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement between the Settling Parties.

Plaintiffs sought and obtained an order granting preliminary approval and permitting notice to the Class, which was entered on _____, 2025. Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation. Defendants contend that they did not engage in a scheme to defraud, did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|----|---------------------------|

The Court has not decided in favor of Defendants or Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

- 6 -

If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants proved any of their defenses at trial or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|----|----------------------------------------------|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired Acadia common stock during the period from April 30, 2014, through and including November 15, 2018, except those Persons and entities that are excluded.

Excluded from the Class are: Acadia, Deborah H. Jacobs, as Executor of the Estate of Joey A. Jacobs, Brent Turner, David Duckworth, and members of their immediate families, any entity of which a Defendant has a controlling interest, and the legal representatives, heirs, predecessors, successors, or assigns of any excluded party. Also excluded from the Class are those entities and individuals who timely and validly excluded themselves therefrom by submitting a request for exclusion in connection with the Notice of Pendency of Class Action.

**Please Note**: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before ___, 2026.

| 5. | What if I am still not sure if I am included in the Class? |
|----|-----------------------------------------------------------|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-777-6014, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|----|-----------------------------------|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $179 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.AcadiaHealthcareSecuritiesLitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Acadia Healthcare Securities Litigation*, c/o Verita Global, Claims Administrator, P.O. Box 301135, Los Angeles, CA 90030-1135) **or submit it online at www.AcadiaHealthcareSecuritiesLitigation.com so that it is postmarked or received no later than _____, 2026.**

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on ____, 2026, at _.m.,** to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you previously excluded yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase or acquisition of Acadia common stock during the Class Period; and (ii) the allegations, acts, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Lead Plaintiffs and other Class Members in the Litigation. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Settlement; or (ii) any claims of any Person that submitted a request for exclusion that is accepted by the Court.

- 8 -

- • "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement or any claims against any Person who or which submitted a request for exclusion that was accepted by the Court.

- • "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiffs, any of their attorneys, and all other Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

- • "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" means any or all of Defendants and any or all of their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, attorneys, spouses, heirs, beneficiaries, trustees, transferees, executors, administrators, and representatives, in their capacities as such.

- • "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to both (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the

- 9 -

United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## THE LAWYERS REPRESENTING YOU

| 11. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **12.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $5,500,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek up to $65,000 in the aggregate for their time and expenses incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **13.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Acadia Healthcare Securities Litigation*. Include your name, address, telephone number, and your signature (even if represented by counsel), identify the date(s), price(s), and number of shares of Acadia common stock you purchased, acquired, held, or sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. You must also include copies of documents demonstrating your purchase(s), acquisition(s), and/or sale(s) of Acadia common stock during the Class Period. In addition, the objector must identify all other class action settlements the objector or his, her, or its counsel has previously objected to. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than _____, 2026:**

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE Fred D. Thompson U.S. Courthouse and Federal Building 719 Church Street, Suite 1300 Nashville, TN 37203 | ROBBINS GELLER RUDMAN & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway Suite 1900 San Diego, CA 92101 | KING & SPALDING LLP Attn: Lisa R. Bugni 50 California Street, Suite 3300 San Francisco, CA 94111 |

- 11 -

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| | |
|---|---|
| **15.** | **When and where will the Court decide whether to approve the proposed Settlement?** |

The Court will hold a Settlement Hearing at _ _**.m., on ____, 2026**, in the Courtroom of the Honorable William L. Campbell, Jr., at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without written notice to the Class. *In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.AcadiaHealthcareSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.AcadiaHealthcareSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the conference will be posted to the Settlement website, www.AcadiaHealthcareSecuritiesLitigation.com.* If you want to attend the hearing, either in person or remotely, if permitted, you should check with Lead Counsel or the Settlement website, www.AcadiaHealthcareSecuritiesLitigation.com, beforehand to be sure that the date and/or time has not changed.

4929-7673-7146.v2

| 16. | Do I have to come to the hearing? |
|-----|-----|

No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense.  If you are a Class Member and send an objection, you do not have to come to Court to talk about it.  As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 17. | May I speak at the hearing? |
|-----|-----|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 13 above) a statement saying that it is your "Notice of Intention to Appear in the *Acadia Healthcare Securities Litigation*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be ***received*** **no later than _____, 2026**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 13.

You cannot speak at the hearing if you excluded yourself from the Class.

## IF YOU DO NOTHING

| 18. | What happens if I do nothing? |
|-----|-----|

If you do nothing, you will not receive any money from this Settlement.

## GETTING MORE INFORMATION

| 19. | How do I get more information? |
|-----|-----|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-777-6014.  Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.AcadiaHealthcareSecuritiesLitigation.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Middle District of Tennessee, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET
## SETTLEMENT FUND AMONG CLASS MEMBERS

| 20. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $179,000,000.00 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.AcadiaHealthcareSecuritiesLitigation.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not necessarily intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation is intended to compensate Class Members who purchased or acquired Acadia common stock during the period between April 30, 2014, and November 15, 2018, inclusive ("Class Period") and were allegedly damaged thereby under the Securities Exchange Act of 1934 ("Exchange Act").

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members send in and how many shares of Acadia common stock you purchased or acquired during the Class Period, and whether and when you sold any of those shares.

To the extent there are sufficient funds in the Net Settlement Fund, each claimant will receive an amount equal to the claimant's "Recognized Loss," as described below. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each claimant, then each claimant shall be paid the percentage of the Net Settlement Fund that each claimant's Recognized Loss bears to the total of the Recognized Loss of all claimants – *i.e.*, the claimant's *pro rata* share of the Net Settlement Fund.

- 14 -

For each Class Period purchase or acquisition of Acadia common stock that is properly documented, a "Recognized Loss" will be calculated according to the formulas described below. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

**Acadia Common Stock**

The allocation below is based on the following inflation per share amounts for Class Period share purchases, acquisitions, and sales as well as the statutory PSLRA 90 day-look back amount of $28.83.[2]

| Inflation Period | Inflation per Share |
|---|---|
| April 30, 2014 – February 23, 2017 | $6.62 |
| February 24, 2017 – July 27, 2017 | $15.68 |
| July 28, 2017 – October 24, 2017 | $16.84 |
| October 25, 2017 – October 10, 2018 | $6.62 |
| October 11, 2018 | $6.25 |
| October 12, 2018 – November 15, 2018 | $5.48 |

For shares of Acadia common stock purchased, or acquired, on or between April 30, 2014 through and including November 15, 2018, the claim per share shall be as follows:

(a)     If sold prior to April 30, 2014, the claim per share is $0.00.

(b)     If sold on or between April 30, 2014 through and including November 15, 2018, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

(c)     If retained at the end of November 15, 2018 and sold on or before February 13, 2019, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below.

---

[2]     Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, a Recognized Loss for Acadia common stock is reduced to an appropriate extent by taking into account the closing prices of Acadia common stock during the 90-day look-back period. The mean (average) closing price for Acadia common stock during this 90-day look-back period was $28.83 per share as shown in Table A.

(d)     If retained at the close of trading on February 13, 2019, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $28.83.

**TABLE A**
**Acadia Common Stock Share Price and Average 90-Day Look-Back Price**
**November 16, 2018 – February 13, 2019**

| Date | Price | Average Closing Price |
|---|---|---|
| 11/16/2018 | $32.55 | $32.55 |
| 11/19/2018 | $32.05 | $32.30 |
| 11/20/2018 | $31.58 | $32.06 |
| 11/21/2018 | $32.05 | $32.06 |
| 11/23/2018 | $31.65 | $31.98 |
| 11/26/2018 | $32.99 | $32.14 |
| 11/27/2018 | $32.61 | $32.21 |
| 11/28/2018 | $33.38 | $32.36 |
| 11/29/2018 | $33.80 | $32.52 |
| 11/30/2018 | $33.97 | $32.66 |
| 12/3/2018 | $33.89 | $32.77 |
| 12/4/2018 | $33.10 | $32.80 |
| 12/6/2018 | $32.01 | $32.74 |
| 12/7/2018 | $31.66 | $32.66 |
| 12/10/2018 | $31.20 | $32.57 |
| 12/11/2018 | $31.19 | $32.48 |
| 12/12/2018 | $31.24 | $32.41 |
| 12/13/2018 | $31.06 | $32.33 |
| 12/14/2018 | $28.93 | $32.15 |
| 12/17/2018 | $27.60 | $31.93 |
| 12/18/2018 | $27.84 | $31.73 |
| 12/19/2018 | $27.19 | $31.52 |
| 12/20/2018 | $26.78 | $31.32 |
| 12/21/2018 | $25.19 | $31.06 |
| 12/24/2018 | $24.75 | $30.81 |
| 12/26/2018 | $25.91 | $30.62 |
| 12/27/2018 | $25.80 | $30.44 |
| 12/28/2018 | $25.56 | $30.27 |
| 12/31/2018 | $25.71 | $30.11 |
| 1/2/2019 | $25.86 | $29.97 |
| 1/3/2019 | $25.40 | $29.82 |
| 1/4/2019 | $26.14 | $29.71 |
| 1/7/2019 | $26.30 | $29.60 |

- 16 -

| Date | Price | Average Closing Price |
|---|---|---|
| 1/8/2019 | $26.99 | $29.53 |
| 1/9/2019 | $27.50 | $29.47 |
| 1/10/2019 | $28.67 | $29.45 |
| 1/11/2019 | $29.03 | $29.44 |
| 1/14/2019 | $28.14 | $29.40 |
| 1/15/2019 | $28.77 | $29.39 |
| 1/16/2019 | $29.05 | $29.38 |
| 1/17/2019 | $29.20 | $29.37 |
| 1/18/2019 | $28.99 | $29.36 |
| 1/22/2019 | $28.32 | $29.34 |
| 1/23/2019 | $27.89 | $29.31 |
| 1/24/2019 | $27.78 | $29.27 |
| 1/25/2019 | $27.56 | $29.24 |
| 1/28/2019 | $27.49 | $29.20 |
| 1/29/2019 | $27.48 | $29.16 |
| 1/30/2019 | $27.77 | $29.13 |
| 1/31/2019 | $27.36 | $29.10 |
| 2/1/2019 | $27.77 | $29.07 |
| 2/4/2019 | $27.79 | $29.05 |
| 2/5/2019 | $27.79 | $29.02 |
| 2/6/2019 | $27.72 | $29.00 |
| 2/7/2019 | $27.61 | $28.97 |
| 2/8/2019 | $26.40 | $28.93 |
| 2/11/2019 | $26.76 | $28.89 |
| 2/12/2019 | $27.16 | $28.86 |
| 2/13/2019 | $27.13 | $28.83 |

In the event a Class Member has more than one purchase or acquisition or sale of Acadia common stock during the Class Period, all such purchases, acquisitions, and sales shall be matched by security on a First-In, First-Out ("FIFO") basis. Under the FIFO method, Acadia common stock sold during the Class Period will be matched, in chronological order and by security, first against the relevant Acadia common stock held at the beginning of the Class Period. The remaining sales of Acadia common stock purchased or acquired during the Class Period will then be matched, in chronological order, against the Acadia common stock purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, per security, after all profits from transactions during the Class Period are subtracted from all losses. However, the proceeds from sales of Acadia common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.

- 17 -

If a matched Class Period purchase and sale reflects a market gain, the recognized claim for the specific shares involved in the transaction will be $0.00. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim as compared to the total recognized claims of all Authorized Claimants.

Purchases, acquisitions, and sales of Acadia common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Acadia common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Acadia common stock for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such Acadia common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Acadia common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution calculates to $10.00 or greater.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement

- 18 -

Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or acquired Acadia common stock for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely emailing or mailing of the Postcard Notice, if the nominee elected or elects to do so. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses per record; up to a maximum of $0.03 per Postcard Notice mailed, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free 1-888-777-6014, and may be downloaded from the Settlement website, www.AcadiaHealthcareSecuritiesLitigation.com.

*Acadia Healthcare Securities Litigation*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135
www.AcadiaHealthcareSecuritiesLitigation.com

DATED: _____      _____
                                   BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   MIDDLE DISTRICT OF TENNESSEE

# EXHIBIT 2

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:18-cv-00988 |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | Chief District Judge William L. Campbell, Jr. |
| vs. | ) ) | Magistrate Judge Alistair E. Newbern |
| ACADIA HEALTHCARE COMPANY, INC., et al., | ) ) ) | PROOF OF CLAIM AND RELEASE |
| Defendants. | ) ) | EXHIBIT 2 |
| | ) ) | |

## I.    GENERAL INSTRUCTIONS

1.     To recover as a Class Member based on the claims in the Litigation, you must complete and, on page ___ hereof, sign this Proof of Claim and Release ("Proof of Claim").  This Proof of Claim incorporates by reference the definitions in the Stipulation of Settlement dated November 24, 2025 ("Stipulation"), which can be obtained at www.AcadiaHealthcareSecuritiesLitigation.com.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

- 1 -

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2026**, ADDRESSED AS FOLLOWS:

*Acadia Healthcare Securities Litigation*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA  90030-1135

Online Submissions:
www.AcadiaHealthcareSecuritiesLitigation.com

If you are NOT a Class Member, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.     If you are a Class Member, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.     CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired Acadia common stock between April 30, 2014, and November 15, 2018, inclusive (the "Class Period") and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each holder, purchaser, or acquirer of record ("nominee") of the Acadia common stock that forms the basis of this claim. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE ACADIA COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in the rejection of the claim.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in Acadia common stock during the Class Period).

## III.  CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Acadia Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases, acquisitions, and sales of Acadia common stock that took place between April 30, 2014 and February 13, 2019, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to the number of shares of Acadia

common stock you held at the close of trading on April 29, 2014, November 15, 2018, and February 13, 2019. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of Acadia common stock. The date of a "short sale" is deemed to be the date of sale of Acadia common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN ACADIA COMMON STOCK SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN ACADIA COMMON STOCK**.

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies. If you wish to submit your Proof of Claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the mandatory file layout. No electronic files will be considered

- 4 -

to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

*St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc., et al.*

Civil Action No. 3:18-cv-00988

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**_____, 2026**

Please Type or Print

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN ACADIA COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.



- 5 -

PART II:     SCHEDULE OF TRANSACTIONS IN ACADIA COMMON STOCK

**A.     Number of shares of Acadia common stock held at the close of trading on April 29, 2014.  If none, write "0" or "zero."  ___**

**B.     Purchases or other acquisitions of Acadia common stock between April 30, 2014 and February 13, 2019, inclusive:[1]**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased or Otherwise Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|
| 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | □ Y □ N □ Y □ N □ Y □ N |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes: □ Yes

**C.     Sales of Acadia common stock between April 30, 2014 and February 13, 2019, inclusive:**

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | 1._____ – 2._____ – 3._____ – | □ Y □ N □ Y □ N □ Y □ N |

**D.     Number of shares of Acadia common stock held at the close of trading on November 15, 2018:  _____**

Proof of Position Enclosed:   □ Yes  □ No

**E.     Number of shares of Acadia common stock held at the close of trading on February 13, 2019:  _____**

Proof of Position Enclosed:   □ Yes  □ No

---

[1]     Information requested about your purchases on November 16, 2018 through and including the close of trading on February 13, 2019 is needed only for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases during this period are not eligible for a recovery because they were made outside the Class Period.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Tennessee with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, other acquisitions, holdings, or sales of Acadia common stock during the relevant period and know of no other person having done so on my (our) behalf.

**V.      RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, relinquish, discharge, and dismiss from the Released Plaintiffs' Claims each and all of the "Released Defendant Parties," as defined in the Stipulation.

2.      "Released Plaintiffs' Claims" is defined in the Stipulation.

3.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

- 7 -

5.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Acadia common stock that occurred during the relevant period as well as the number of shares held by me (us) at the close of trading on April 29, 2014, November 15, 2018, and February 13, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____

                                                  (Month/Year)

in _____

        (City)                       (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

4933-2060-7866.v2

**ACCURATE CLAIMS PROCESSING TAKES A**
**SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and acknowledgment.

2.  Remember to attach copies of supporting documentation.

3.  **Do not send** originals of certificates or other documentation as they will not be returned.

4.  Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.  If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send your new address to the address below.

7.  **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO**
**LATER THAN _____, 2026, ADDRESSED AS FOLLOWS:**

*Acadia Healthcare Securities Litigation*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA  90030-1135

Online Submissions: www.AcadiaHealthcareSecuritiesLitigation.com

- 9 -

# EXHIBIT 3

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 3:18-cv-00988 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| | ) ) | Chief District Judge William L. Campbell, Jr. Magistrate Judge Alistair E. Newbern |
| vs. | ) ) | |
| | ) | SUMMARY NOTICE |
| ACADIA HEALTHCARE COMPANY, INC., et al., | ) ) | EXHIBIT 3 |
| | ) ) | |
| Defendants. | ) ) | |
| | ) | |

**IF YOU PURCHASED OR OTHERWISE ACQUIRED ACADIA HEALTHCARE COMPANY, INC. ("ACADIA") COMMON STOCK BETWEEN APRIL 30, 2014, AND NOVEMBER 15, 2018, INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.**

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Tennessee, that in the above-captioned litigation (the "Litigation"), a $179 million settlement has been proposed (the "Settlement"). A hearing will be held on _____, 2026, at __:__ _.m., before the Honorable William L. Campbell, Jr., at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203, for the purpose of determining, among other things, whether: (i) the

proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees of up to 33-1/3% of the Settlement Amount, and expenses not to exceed $5.5 million, plus interest on both amounts, and awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), should be granted.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND**. You may obtain a copy of the Stipulation of Settlement, the Notice of Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release form ("Proof of Claim") at www.AcadiaHealthcareSecuritiesLitigation.com or by contacting the Claims Administrator: *Acadia Healthcare Securities Litigation*, c/o Verita Global, P.O. Box 301135, Los Angeles, CA 90030-1135; 1-888-777-6014.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 2026, or electronically via the website by that date. If you are a Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Litigation (including the releases provided for therein).

No further exclusion opportunity is being provided under the Settlement. Because no Class Member validly excluded themselves previously when notice was provided, you will be bound by

any judgment entered by the Court in this Litigation (including the releases provided for therein) whether or not you submit a Proof of Claim.

Any objection to the proposed Settlement, the Plan of Allocation, and/or the fee and expense application must be filed with the Court and sent to Lead Counsel and Defendants' Counsel no later than _____, 2026, in the manner and form explained in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**. If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the following address:

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> ELLEN GUSIKOFF STEWART
> 655 W. Broadway, Suite 1900
> San Diego, CA  92101
> settlementinfo@rgrdlaw.com
> Telephone: 1-800-449-4900

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

# EXHIBIT 4

**LEGAL NOTICE**

*St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc., et al.*,
No. 3:18-cv-00988 (M.D. Tenn.)
c/o Verita Global
P.O. 301135
Los Angeles, CA  90030-1135

www.AcadiaHealthcareSecuritiesLitigation.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.

**[INCLUDE BARCODE FOR WEBSITE]**

- 1 -

THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.ACADIAHEALTHCARESECURITIESLITIGATION.COM OR CALL 1-888-777-6014 FOR MORE INFORMATION.

If you purchased or otherwise acquired Acadia Healthcare Company, Inc. ("Acadia") common stock between April 30, 2014, and November 15, 2018, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on _____, 2026, at __:__ _.m., at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203 ("Settlement Hearing"), before the Honorable William L. Campbell, Jr., to determine whether the proposed Settlement of the Litigation against Defendants Acadia, Deborah H. Jacobs, as Executor of the Estate of Joey A. Jacobs, Brent Turner, and David Duckworth for $179 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Litigation should be dismissed with prejudice against Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 33-1/3% of the Settlement Amount, and expenses not to exceed $5.5 million, plus interest on both amounts, and awards to Lead Plaintiffs, should be granted.

If approved, the Settlement will resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, the Defendants misled investors by making materially false and misleading statements, failed to disclose material information, and engaged in a fraudulent scheme which caused Acadia's stock to trade at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing Acadia's stock price to fall. Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.AcadiaHealthcareSecuritiesLitigation.com ("Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *Acadia Healthcare Securities Litigation*, c/o Verita Global, P.O. Box 301135, Los Angeles, CA 90030-1135, or (ii) toll-free call: 1-888-777-6014.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2026. Your *pro rata* share of the Settlement will depend on the number of valid claims, and the number, size, and timing of your transactions in Acadia common stock. The estimated average distribution per share is approximately $2.03, before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

You will be bound by any judgment or order entered in the Litigation, regardless of whether you submit a Claim Form. There is no further opportunity to exclude yourself from the Class. You may object to the proposed Settlement, Plan of Allocation, and/or request for award

- 2 -

4926-9054-1946.v2

of attorneys' fees and expenses and awards to Lead Plaintiffs no later than _____, 2026.  The long-form Notice and the Website explain how to object.

Lead Plaintiffs and the Class are represented by Lead Counsel:  Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Settlement Hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.

4926-9054-1946.v2